354 So.2d 432 (1978)
FIFTY-SIX SIXTY COLLINS AVENUE CONDOMINIUM, INC., Appellant,
v.
Virginia J. DAWSON, Appellee.
No. 76-2193.
District Court of Appeal of Florida, Third District.
January 24, 1978.
Rehearing Denied February 17, 1978.
*433 Smith, Mandler, Smith, Werner & Jacobowitz, Miami Beach, and Steven R. Brownstein, Miami, for appellant.
Green & Kane, Miami Beach, Manners & Amoon and Harold Mendelow, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
The appellant, Fifty-Six Sixty Collins Avenue Condominium, Inc., was the plaintiff in an action seeking to enjoin a condominium owner from the use of shutters on a balcony area of her condominium. The appellant is a condominium association and the appellee is a condominium owner. After trial, the court entered its judgment for the defendant condominium owner but denied the condominium owner attorney's fees sought pursuant to Section 711.62(1), Florida Statutes (1975). The condominium association has appealed the final judgment and the condominium owner has cross-appealed the denial of her claim for attorney's fees, assigning as error the trial court's post-judgment order denying her motion for a trial of the issue upon her claim for attorney's fees.
The trial judge has given us the benefit of his findings of fact, which fully state the basis for the judgment. They are as follows:
"1. On January 4, 1973, Mr. Leonard Hornik, District Sales Manager of the Third-Party Defendant, demonstrated Rolladen shutters before the Board of Directors of FIFTY-SIX SIXTY COLLINS AVENUE CONDOMINIUM, INC., the Plaintiff. Pursuant to the request of Herbert Wertheimer, owner of Unit 3-E, the Board voted to approve such installations of Rolladen shutters on the terraces of the condominium, subject, however, to compliance with all applicable municipal provisions relating to such installations.
"2. On or about April, 1973, the Defendant had a conversation with Mrs. Pearl Rittenberg, expressing the Defendant's intention to construct a balcony enclosure on the terrace of the Defendant's condominium unit. At that time and at all times relevant hereafter, Mrs. Pearl Rittenberg was employed by the Plaintiff as Building Manager of the Condominium.
"3. During late March or early April, 1973, Defendant discussed the installation of shutters on her terrace with the said Leonard Hornik, and advised him that she would purchase the shutters provided that she had the right to install the shutters under the relevant documents governing the Condominium. Mr. Hornik advised the Defendant that on January 4, 1973, he had demonstrated his product before the Board of Directors of the Plaintiff and that the Board at that time had approved the installation of such shutters on terraces of the Condominium by a resolution adopted at that meeting. At or about the same time, Leonard Hornik spoke to Mrs. Pearl Rittenberg concerning obtaining specific written authorization for approval of his project by the Board of Directors.
"4. On April 9, 1973, Defendant executed a contract with the Third-Party Defendant for the installation of the shutters on her terrace which contract contained the legend `ROLLADEN MARK V P.V.C. SHUTTERS FURNISHED AND INSTALLED. MEETS SOUTH FLORIDA BUILDING CODE. ROLLADEN MARK V HAS BEEN ACCEPTED BY THE BOARD OF DIRECTORS OF THE 5660 BUILDING COMMITTEE.'
"5. On or about May, 1973, the installation of the shutters was commenced.

*434 "6. On or about May, 1973, Plaintiff knew that installation of the shutters on the terrace of Defendant's apartment had commenced.
"7. In early August, 1973, Plaintiff contacted the Third-Party Defendant and inquired as to the status of completion of the work engaged by the Defendant. The Third-Party Defendant replied to the Plaintiff by letter dated August 10, 1973, advising the Plaintiff as to the progress of the work. Plaintiff did not communicate any further response to that letter.
"8. Defendant relied upon the minutes of the meeting of the Board of Directors held January 4, 1973.
"9. Plaintiff knew or had reason to know that the Defendant would rely on said minutes.
"10. Considering all of the facts and circumstances, and the equities of the parties, Plaintiff is estopped to deny that Defendant had secured the requisite approval for the installation of her shutters or that she failed to comply with the provisions of the Declaration of Condominium."
Appellant's points on appeal do not challenge any specific finding of fact as unsupported by the record but rather urge that the facts are not sufficient to establish an estoppel against the appellant.
Our review of the record convinces us that the findings of fact are supported by the record. See Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976). The essential elements of estoppel appear from the conduct of the condominium association when the record is viewed in the light most favorable to the trial court's determination. Cf. the point of law in Lungren v. Strawn, 151 Fla. 106, 9 So.2d 195 (1942). The essential elements of estoppel, as set out in Quality Shell Homes & Supply Company v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966), are accepted by the appellant, but the appellant urges that some of the elements are not adequately shown by the record. We hold that the trial court's findings of fact are adequate to show the elements of estoppel.
Appellant's second point claims that the judgment should be reversed because it was shown that the condominium owner did not comply with municipal building codes by acquiring a building permit. While this fact is not established by the record, even if it were established, it would not affect the trial judge's conclusion that the conduct of the condominium association created an estoppel against its late and inconsistent attempt to bar appellee's right to proceed.
In the cross-appeal, the section relied upon by the condominium owner in her claim that the trial court erred in not granting attorney's fees is Section 711.62(1), Florida Statutes (1975), which is as follows:
"(1) Each unit owner and each association shall be governed by and shall comply with this law and the declaration and bylaws or cooperative documents as they may exist from time to time. Failure to do so shall entitle the association or any other unit owner to recover sums due for damages or obtain injunctive relief or both. Such actions may be maintained by or against a unit owner or the association or its directors or, in a proper case, by or against one or more unit owners, and the prevailing party shall be entitled to recover reasonable attorneys' fees. Such relief shall not be exclusive of other remedies provided by law."
Appellant urges that she could not properly proceed with her claim for attorney's fees until it had been determined that she was the prevailing party. We decline to follow this interpretation of the statute which would require a second trial of the ancillary issue of attorney's fees whenever allowable under this section. The final judgment entered shows that the trial court was asked to reserve jurisdiction to award reasonable attorney's fees at the time the judgment was entered. Having concluded the trial, the court declined to do so and struck the provision for reservation of jurisdiction from the final judgment. The trial judge was within his discretion in refusing to set a further trial upon attorney's fees after the cause had been concluded and he was within his discretion at the time of the final *435 judgment in refusing to assess attorney's fees where no evidence upon attorney's fees had been presented. See Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964).
Having determined that no error appears upon the appeal from the final judgment or upon the cross-appeal, the final judgment and the post-judgment order denying defendant's motion for attorney's fees are affirmed.
Affirmed.