4

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Fort Ellsworth Condominium
Apartments Council of Co-Owners

v.

Alain de Maynadier and
Elizabeth de Maynadier

May 29, 1980

Case No. (Chancery) 10230

By JUDGE ALBERT H. GRENADIER

The complainant in this case seeks a declaration that the balcony enclosure appurtenant to the defendants' condominium unit is violative of the condominium instruments and should be removed by the defendants at their cost and expense.

Balcony enclosures and improvements to limited common elements are not specifically addressed in the condominium instruments. The relevant condominium documents neither grant to the unit owner the right to enclose his balcony nor contain any prohibition against such enclosure. It must follow, therefore, that the construction and maintenance of the enclosure cannot be violative of said instruments. If the complainant is entitled to the relief it seeks in this suit, that relief must either evolve from rights granted it under the Virginia Condominium Act or rest upon general equitable principles.

At the trial the Court expressed doubt as to whether Section 55-79.68 of the Virginia Code was applicable under the facts in this case. Upon reflection, however, the

Court is of the opinion that it is. Under this section the unit owner cannot do anything which would change the exterior appearance of his unit *or of any other portion of the condominium* (emphasis added). Clearly, the construction of a balcony enclosure changes the external appearance of the balcony and is forbidden under this section.

The defendants contend that § 55-79.68 is not applicable in this case because the condominium units were recorded and the condominium regime established prior to the effective date of the statute on July 1, 1974. But the applicability and/or the priority of the condominium instruments vis-a-vis the statute is not an issue in this case. The failure of the condominium instruments to address the issue of balcony enclosures clearly makes the statute operable, particularly where the unit is purchased long after the effective date of the statute. The defendants' argument would be more persuasive had the purchase been made after the creation of the condominium regime and prior to the effective date of the statute. The statute is rendered inapplicable only when the condominium instruments provide the unit owners with a specific right to change the external appearance of the unit or the balcony. No such right exists in this case.

Having concluded that the statute is applicable and that the defendants are in violation thereof by reason of the construction and maintenance of the balcony enclosure, is the complainant estopped to claim lack of compliance with the statute? Has the complainant, by its conduct, forfeited its right to demand such compliance?

The Court can find no case precisely on point, although there are reported cases wherein the condominium association has been estopped from enjoining violations of the condominium bylaws or rules and regulations by a unit owner. The decisions seem to be based primarily on the facts of each case without creating any meaningful body of precedent.

In *Fifty-Six Sixty Collins Avenue Condominium, Inc. v. Dawson*, 354 So. 2d 432 (Fla. App. 1978), the condominium association was estopped from preventing a unit owner from installing balcony shutters without complying with the condominium bylaws. The estoppel was based upon the fact that the association had taken certain actions upon which the unit owner relied to her detriment.

In *Plaza Del Prado Condominium Association, Inc. v. Richman*, 345 So.2d 851 (Fla. App. 1977), the association

was estopped from claiming lack of compliance with the condominium bylaws by unit owners who installed non-conforming terrace railings. The evidence showed that more than one year had elapsed after the changes were made before the association notified the owners that they were in violation; that the exterior of the building was not uniform; and that a sales agent of the builder-developer had granted permission to install the railings. In these cases the court was dealing with alleged violations of condominium bylaws or condominium rules and regulations. Estoppel apparently can lie where it is inequitable under the facts of a particular case to allow the association to enjoin such violations. The reported cases can be easily distinguished from the case at bar in that in this case the condominium association took no action which was relied upon by the defendants to their detriment. But going beyond this distinction, can equitable estoppel be interposed to prevent the complainant from enforcing the provisions of § 55-79.68, which was enacted for the protection of a legitimate public interest? The Court thinks not. The Court perceives a considerable difference between violations of condominium bylaws and violations of state statutes designed for the protection of the public.

It is generally recognized that estoppel cannot be the means of successfully avoiding the requirements of legislation enacted for the protection of a public interest. It does not operate to defeat positive law or public policy. Accordingly, one cannot ordinarily be estopped to assert the direct violation of a decisive prohibition of a statute. *See* Am. Jur. 2d, *Estoppel and Waiver*, § 34, and cases cited therein. While no Virginia case has expressly adopted this rule, the Virginia court has at least impliedly accepted it in *Telephone Company v. Bles*, 218 Va. 1010 (1978). In that case the C. & P. Telephone Company brought suit against Bles to collect charges for services provided for which the company had negligently failed to bill Mr. Bles. The trial court dismissed the action holding that the Telephone Company was estopped from asserting its claim. The Virginia Supreme Court reversed the trial court, holding that the statutory requirement that public utilities adhere rigidly to rate schedules precludes a customer from interposing the defense of equitable estoppel. The court expressly stated in the

opinion that the statutory requirement was clearly enacted for the protection of a public interest.

There can be no question but that the Virginia Condominium Act is likewise legislation enacted for the protection of the public interest. The Code section in question clearly protects a public interest by assuring purchasers and owners of the units that no other unit owner can change the exterior appearance of the condominium to their detriment.

In *Sterling Village Condominium, Inc.* v. *Breitenbach*, 251 So. 2d 685 (Fla. App. 1971), the court, in granting an injunction to the condominium association against the enclosure of a porch, held that the Florida Condominium Act and the condominium instruments ought to be construed strictly to assure that the buyer of the unit gets what he sees. The language of the court is quite persuasive as follows:

> Daily in this state thousands of citizens are investing millions of dollars in condominium property. Chapter 711, F.S.A., 1967, the Florida Condominium Act, and the Articles or Declarations of Condominiums provided for thereunder ought to be construed strictly to assure these investors that what the buyer sees the buyer gets. Every man may justly consider his home his castle and himself as the king thereof; nonetheless his sovereign fiat to use his property as he pleases must yield, at least in degree, where ownership is in common or cooperation with others. The benefits of condominium living and ownership demand no less. The individual ought not be permitted to disrupt the integrity of the common scheme through his desire for change, however laudable that change might be.

One final matter needs resolution. The complainant in its suit has not alleged a violation of the statute and to this extent there is a variance between the allegations and the proof. The Court is of the opinion that substantial justice will be promoted and that the defendants will not be prejudiced by allowing the complainant's pleadings to be amended to allege a violation of the

subject statute which would entitle the complainant to the relief it seeks.

Accordingly, leave to amend its complaint is granted to the complainant. The Court will enter a decree declaring that the balcony enclosure appurtenant to the defendants' unit is in violation of § 55-79.68 of the Code of Virginia and that the said enclosure shall be removed by the defendants and the balcony restored to its original condition at the cost and expense of the defendants. Because of the peculiar circumstances of this case, the Court does not believe it would be either fair or equitable to charge the defendants with attorney's fees, although court costs will be allowed.