BRADLEY, Judge.
This is an appeal from the judgment of the Circuit Court of Jefferson County rendered in favor of The Four Seasons Condominium Association, Inc. (the Association), and against George and Mary Reynolds.
In March 1980 the Reynoldses purchased a unit at the Four Seasons Condominium from August, Inc. It was a back unit, facing a wooded vacant lot.
The tenant agreement of purchase and sale (purchase agreement) and the acceptance of offer (acceptance) were executed on March 2, 1980. The acceptance was signed by Patricia R. Wade, a sales agent and the assistant secretary of August, Inc. At the time of the sale August, Inc. owned greater than seventy-five percent of the units. The acceptance had a handwritten addendum which stated that, “Sale contingent on buyer obtaining 12¼% financing. Buyer *739 will be permitted to enclose patio and add door to patio entrance.”
Stewart Dudley, a C.P.A., son of the owner of August, Inc., and vice president of August, Inc., testified that in January 1980 August, Inc. owned all of the units at the Four Seasons. In January 1980 the board of directors of the Association (the Board) passed a resolution allowing unit owners to enclose their patios if their unit did not face other units and if the enclosure would not interfere with other units. The resolution was passed in compliance with the requirements of the declaration of condominium (declaration) and the bylaws. The resolution was never filed with the secretary of state. The current board claims to have no record of that resolution.
In March 1981 the Reynoldses, in reliance on their purchase agreement, began building a glass enclosure around their patio area. The Board, which had by now been turned over to the unit owners by the developer, had actual knowledge of the construction, discussed it at a meeting, and took no action. The Reynoldses finished the enclosure.
In March 1982 the Board had again changed leadership. The new Board discussed the Reynoldses’ enclosure and decided to send a letter to the Reynoldses demanding that they remove the structure. The Reynoldses declined to do so and the association instituted this suit seeking specific performance of the declaration of condominium and its bylaws as well as $15,000 damages for breach of contract.
The trial court concluded that the patio area the Reynoldses enclosed was a common element of the condominium; the result of the enclosure was to improperly appropriate common elements to the Reyn-oldses’ exclusive use; the written permission in the Reynoldses’ purchase agreement was invalid as to owners and purchasers of August, Inc. in that it was not recorded pursuant to section 35-8-6(d), Code 1975; and that the Reynoldses did not have a defense of laches or estoppel.
The trial court was correct in concluding that the patio area at issue is properly defined as a common element. The Alabama Condominium Ownership Act, §§ 35-8-1 through -22, Code 1975, defines common elements as “A part or parts of the condominium property as set forth in the declaration in which all of the unit owners have an undivided interest.” § 35-8-2(2), Code 1975. The Four Seasons’ declaration of condominium, in section 6.2(b), includes entry porches in its definition of common elements.
But the trial court then held that the Reynoldses had wrongfully appropriated the patio area to themselves in violation of section 35-8-6(d), Code 1975. We disagree. Section 35-8-6(d) allows for altering the undivided interests of all of the unit owners by means of an amendment to the declaration by agreement of all affected unit owners and lienholders. The agreement must be “duly recorded.” Though the resolution the early Board passed met all the requirements of the declaration and bylaws, it was never recorded.
We do not reach the issue of the effect of this lack of recordation or who had the burden of recording. The association is equitably estopped from raising this issue.
The Reynoldses have a • written agreement which is signed by an agent of the entity which owned all of the units at the time of sale which purported to allow them to enclose their patio. In reliance on this they began construction. The Board knew of the construction while it was in progress, yet took no action. The construction was completed. A full year passed before the Board complained to the Reyn-oldses and demanded removal of the enclosure. Estoppel is found where there is a representation by words, deeds, or silence to a party which that party relies upon to his detriment. See General Electric Credit Corp. v. Strickland Division of Rebel Lumber Co., 437 So.2d 1240 (Ala.1983); Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837 (Fla.Dist.Ct.App.1966).
*740 Similar cases have arisen m Florida. In Plaza Del Prado Condominium Association v. Richman, 345 So.2d 851 (Fla.Dist.Ct.App.1977), the court held that the association was estopped from claiming lack of compliance with the condominium’s bylaws where a sales representative granted a condominium purchaser permission to make changes in terrace railings, the changes were made, and the association failed to complain for one year. In Fifty-Six Sixty Collins Avenue Condominium, Inc. v. Dawson, 354 So.2d 432 (Fla.Dist.Ct.App.1978), the condominium unit owner installed shutters on the balcony of her unit in reliance on the condominium association board’s vote to approve installation of the shutters subject to relevant municipal provisions. The unit owner told the building manager of her proposed addition, as did the installer. No one objected, though they had actual notice of when installation began. The trial court held, and the appellate court affirmed, that the association was “ ‘... estopped to deny that Defendant had secured the requisite approval for the installation of her shutters or that she failed to comply with the provisions of the Declaration of Condominium.’ ” Dawson, supra (emphasis added).
We agree with the reasoning of the Florida court. Estoppel is a defensive weapon, to be raised as a shield and not as a sword. Penn Mutual Life Insurance Co. v. Mallory, 255 Ala. 256, 50 So.2d 740 (1951). Thus, estoppel prevents the Association from raising the failure to record the resolution.
We also note that the Reynoldses did not wrongly appropriate legal title to part of the common element to their unit. Title to this area, as a common element, remains in the Association. See Parrillo v. 1300 Lake Shore Drive Condominium, 103 Ill.App.3d 810, 59 Ill.Dec. 464, 431 N.E.2d 1221 (1981).
Thus, we affirm the trial court’s ruling that the area at issue was a common element; however, we reverse its holding that the defense of estoppel did not apply and that the common elements were improperly appropriated to the Reynoldses’ use,
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and HOLMES, J., concur.