ROBERTSON, Presiding Judge.
Plaintiffs, Mildred Lee-Davis and Mildred L. Graham, filed a complaint in Mobile Circuit Court requesting certain relief from the defendant Dauphin Surf Club Association, Inc. (Association), as well as members of the Association’s board of directors. The Association, which was created for the purpose of operating and administering the Dauphin Surf Club condominium develop *1111 ment, counterclaimed and alleged that plaintiffs had failed to execute a release of mineral rights in the common elements and limited common elements of the condominium development to the Association.
This is an appeal by the plaintiffs from the entry of a directed verdict on that counterclaim in favor of the defendants. Plaintiffs also assert that the trial court erred in denying their claim for an attorney’s fee pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Code 1975.
The plaintiffs in this case purchased a condominium at Dauphin Surf Club, and, as a result, became members of the Association. As members of the Association, plaintiffs accepted the terms of the Declaration of Condominium (declaration) of the Association. Consequently, they bound themselves to abide by the declaration.
In March 1989, at the annual meeting of the Association, a proposal was made that the Association should lease the mineral rights of the Association in the common elements to Mobil Oil corporation for a five-year period and use the monies received for the common good of the Dauphin Surf Club. The minutes of the meeting reflect that, after a discussion of the proposal, it was passed.
Pursuant to § 35-8-2(2), Code 1975, which is part of the Alabama Condominium Ownership Act, common elements in condominium property are defined as “parts of the condominium property as set forth in the declaration in which all of the unit owners have an undivided interest.” (Emphasis added.) With respect to these common elements and limited common elements, each unit owner shall have “[t]he right to use such common elements and limited common elements in accordance with the declaration and bylaws, but consistent with the lawful rights of other unit owners.” § 35-8-5(4), Code 1975 (emphasis added).
Further, “[t]he common elements and limited common elements shall remain undivided from the condominium property”, § 35-8-6(c), Code 1975, and “[t]he undivided interest of each unit owner in the common elements and limited common elements or the method for determining such interests shall be as set forth in the declaration.” § 35-8-6(d), Code 1975.
The declaration in this case specifically complies with the aforementioned Code sections and provides that
“[e]ach owner shall be entitled to an undivided interest in the common elements and in the limited common elements in the percentages expressed in this declaration, which percentages of undivided interest of each owner shall have a permanent character and shall not be altered without the consent of all owners expressed in an amended declaration duly recorded.” (Emphasis added.)
In other words, the condominium unit owner has an undivided interest in the common elements and the limited common elements in the specific percentages set forth in the declaration, and it is this percentage of undivided interest that shall not be altered, absent an amendment to the declaration approved by all the association members.
Further, this court has specifically held that title to the undivided interest in the common elements and common areas remains in the Association. Reynolds v. Four Seasons Condominium Association, Inc., 462 So.2d 738 (Ala.Civ.App.1984); § 35-8-6(d), Code 1975. Thus, because the Association retains title to the undivided interests in the common elements and limited common elements, then the right to lease the mineral interests in those areas belongs to the Association.
Consequently, we must next determine if any restraints apply to the Association’s ability to enter into such a lease. For example, does the declaration require that the Association must have the approval of all affected unit owners to execute a valid lease of the mineral interests or is the approval of simply a majority of the unit owners sufficient?
We have carefully examined the declaration in this case, as well as the bylaws of the Association, and fail to find a provision *1112 addressing this particular situation. Likewise, our research reveals no Alabama case law which addresses this specific question.
However, in Hidden Harbour Estates v. Basso, 393 So.2d 637 (Fla.Dist.Ct.App.1981), a Florida appellate court noted that “ ‘the rule of reasonableness’ [is] the touchstone by which the validity of a condominium association’s actions should be measured.” See also Aquarian Foundation Inc. v. Sholom House, Inc., 448 So.2d 1166, 1168, n. 3 (Fla.Dist.Ct.App.1984).
We have examined the Association’s actions in this case and cannot find that they violate a standard of reasonableness. The record reveals that the proposal to lease the mineral interests was presented by the Board of Directors to the Association members at the 1989 meeting of the Association. The record reflects that the proposal was voted on and “received approval.” Further, we note that the declaration does provide that
“[Reasonable regulations concerning the use of the condominium property may be ... amended from time to time by the Board of Directors of the Association; provided, however, that all such amendments thereto shall be approved by not less than a majority of the votes of the Association before such shall become effective.”
Consequently, we find that the plaintiffs cannot block the leasing of the mineral interests in the limited common elements and the common elements of the condominiums.
We note that the plaintiffs assert on appeal that the Statute of Frauds was violated in this case. Specifically, plaintiffs maintain that the approval of the lease by the Association members, which is memorialized in the minutes of the Association meeting, does not meet the “writing” requirement of § 8-9-2, Code 1975. However, we find that requirement inapplicable.
It is the Association which is executing the lease. It is the Association which has title to the mineral interests. Thus, it is the lease executed by the Association with Mobil Oil that must meet the Statute of Frauds requirement.
Finally, with regard to plaintiffs’ assertion that defendants should have been required to pay their attorney fees, pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Code 1975, we disagree. The law concerning condominiums in the state of Alabama is still a developing one, and the questions addressed at the trial court level cannot be classified as frivolous and without substantial justification. McArdle v. Bromfield, 540 So.2d 91 (Ala.Civ.App.1989).
Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.