ALMON, Justice.
The plaintiff, Jubilee Landing Condominium Owners Association (“Association”), appeals from a summary judgment in favor of the defendant, Jubilee Landing, Inc. (hereinafter “Developer”). The sole issue for our review is whether the Developer’s attempt in the declaration of condominium to exempt itself from responsibility for payment of expenses for the common ele *975 ments of the condominiums is consistent with Ala.Code 1975, § 85-8-13.
The facts of the controversy are simple and undisputed. On April 8, 1985, The Jubilee Landing Condominium Development was created by a declaration filed in Baldwin County. This declaration also created the Association, which is the entity responsible for managing and maintaining the complex. Among other things, the declaration provides for the payment of “common expenses,” defined as follows:
“Common Expenses. Actual or estimated costs arising out of ownership of the common elements, including costs incurred in the maintenance, administration, improvement, and repair of the common elements ... for which the unit owners are liable to the Association.”
(Emphasis added.) A “unit owner” is defined in the declaration as “persons or entities owning a condominium unit, together with heirs, administrators, executors, successors, and assigns.” The Developer is not included as a “unit owner” under the declaration, however; the declaration provides that the Developer is simply the “Owner” of the complex.
The declaration contains a section purporting to exempt the Developer from the payment of common expenses in certain circumstances. That section provides:
“Exemption from Assessment. No owner of a unit may become exempt from liability for contribution toward the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit, except that Owner shall not be assessed for unsold units that remain unleased and unoccupied.”
(Emphasis added.)
The Association asserts that this provision is void and unenforceable, contending that it contravenes § 35-8-13. The Association contends that because the exemption provision in the declaration is invalid, the Developer owes the Association for maintenance costs associated with two units owned by the Developer that remained unsold, unleased, and unoccupied from 1985 to 1990.
Section 35-8-13, a part of the Condominium Ownership Act of 1972, provides, in pertinent part:
“The common expenses and limited common expenses shall be charged to unit owners in such amount that the charge corresponds approximately to their respective undivided interests in the common elements and limited common elements as set forth or determined by the declaration and amendments thereto. The amount of such expenses charged to each unit shall be a lien against such unit subject to the provisions of section 35-8-17. A unit owner shall, by acceptance of title, be conclusively presumed to have agreed to pay his proportionate share of such expenses accruing while he is the owner of a unit. However, the liability of a unit owner for such expenses shall be limited to amounts assessed in accordance with this chapter, the declaration and bylaws. No unit owner may exempt himself from liability for his share of such expenses arising out of common elements and limited common elements in which he has an interest by waiver of the enjoyment of the right to use any of the common elements, or limited common elements or by abandonment of his unit or otherwise.”
(Emphasis added.)
The Association specifically contends that the exemption provision in the declaration violates the last sentence in the statute quoted above. The Association also maintains that the Developer’s attempt to define itself as the “Owner” rather than as a “unit owner” does not relieve the Developer of its explicit statutory duty to contribute to the common expenses of the complex. The Association argues that the legislature did not intend to place the entire burden of paying the common expenses on individual owners in the nascent stages of the complex, where few units have been sold to individual owners; it argues that it would be impractical and inequitable to do so in any case. The Association cites the new condominium legislation, the Alabama *976 Uniform Condominium Act of 1991, Ala. Code 1975, § 35-8A-101 et seq., as support for its interpretation of the legislative intent underpinning § 35-8-13.
The Developer argues that the Association bound itself to the terms in the declaration by accepting the declaration in 1985. The Developer focuses on the language in the statute providing that the liability of a unit owner for common expenses shall be limited to amounts assessed in accordance with the declaration.
This Court has never construed § 35-8-13 of the Condominium Ownership Act. Initially, we do note that if this case were to be decided under the uniform act adopted in 1991, there would be little doubt that the Association's argument would prevail. In § 35-8A-103, the definitional section of the uniform act, a “declarant” is defined as a person or group of persons that, acting as part of a common promotional plan, offers to dispose of his or its interest in a unit not previously disposed of; the definition of “unit owner” provides that a declarant is the initial owner of any unit created by the condominium. In a discussion regarding the ability of the parties to modify the definitions and duties contained in the act, the Commentary to this section provides the following example:
“A declarant might vary the definition of ‘unit owner’ in the declaration to exclude himself in an attempt to avoid assessments for units which he owns. This would be futile, since the Act defines a declarant who owns a unit as a unit owner and defines the liabilities of a unit owner.”
Section 35-8A-315(h), a part of the uniform act, specifically states that “[n]o unit owner other than the association shall be exempted ... for any reason whatsoever” from paying the common expenses. Furthermore, § 35-8A-207(a) expressly prevents the result argued for by the Developer:
“The declaration must allocate to each unit in a condominium a fraction or percentage of undivided interests in the common elements and in the common expenses of the association.... Those allocations may not discriminate in favor of units owned by the declarant or an affiliate of the declarant.”
Therefore, it is clear that a developer cannot exempt itself from paying its proportionate share of the common expenses under the new act. This does not control the outcome of this controversy, however, because the new act does not apply to condominiums created before January 1, 1991, see § 35-8A-102, and the condominiums at issue here were created in 1985. The Association nevertheless urges this Court to consider the provisions of the uniform act as evidence of an intent of the legislature to hold developers liable for common expenses in this situation under § 35-8-13.
This argument is flawed, because the enactment of the uniform act indicates that the legislature has changed the substance of the law. If all of the provisions of the new act were to be read into the old act, the enactment of the new act would be pointless. “It is presumed that the legislature does not enact meaningless, vain, or futile statutes.” Druid City Hospital Bd. v. Epperson, 378 So.2d 696, 699 (Ala.1979). The new act is materially different from the old, and it can be read only as eliminating the ambiguity that allowed declarations, such as the one at issue here, that exempted the developer from allocation of common expenses.[1]
Although some language in § 35-8-13 arguably supports the Association’s position, we hold that the provision in the declaration exempting the Developer from the payment of common expenses is valid *977 and binding on the parties. A careful reading of the declaration would have revealed that the Developer was not to be held liable for common expenses for unsold units that remained unoccupied and unleased. Section 35-8-13, unlike the provisions of the uniform act, is not unambiguous with respect to the duties of the parties in this situation, and it can be reasonably. construed to allow the declaration to exempt the Developer from payment of common expenses attributable to its unsold units. Therefore, the parties were free to arrange their rights and duties in the declaration, and the Association bound itself to these arrangements when it accepted the declaration. See Lee-Davis v. Dauphin Surf Club Association, Inc., 581 So.2d 1110 (Ala.Civ.App.1991); Point East Management Corp. v. Point East One Condominium Corp., 282 So.2d 628 (Fla.1973), cert. denied, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974). For these reasons, the summary judgment in favor of the Developer is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.

. Indeed, the Commentary to § 35-8A-102 includes the following: "[T]he prior laws of the state relating to condominiums are not repealed by this Act because those laws will still apply to previously-created condominiums, except when displaced. Some states, such as Connecticut and Florida, have made certain provisions of their condominium statutes automatically applicable to pre-existing condominiums. In certain instances, this attempted retroactive application has raised serious constitutional questions, has caused doubts to arise as to the continued validity of those condominiums, and has created general confusion as to what statutory rules should be applied.”