665 So.2d 325 (1995)
William JAKOBI, Appellant,
v.
KINGS CREEK VILLAGE TOWNHOUSE ASSOCIATION, INC., Appellee.
No. 95-957.
District Court of Appeal of Florida, Third District.
December 20, 1995.
*326 Stephen E. Tunstall, Coral Gables, for appellant.
Marc A. Kuperman, Coral Gables; Edward J. Shack, Miami, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
William Jakobi, a townhouse unit owner, appeals the denial of his motion for attorney's fees under Florida Statutes Section 57.105(2) as prevailing party in a suit against his townhouse association. For the following reasons, we reverse.
Mr. Jakobi purchased a townhouse in Kings Creek Village in 1992. The Kings Creek Village Association, Inc., ("Master Association") had by agreement transferred the operation and maintenance of the townhouse section of Kings Creek Village to the defendant, Kings Creek Village Townhouse Association, Inc. ("Association"). In 1994, the Architectural Control Committee of the Association denied Jakobi's request for permission to install screening on the front of his townhouse. The Association had previously approved similar screen enclosures installed by other owners. Jakobi filed suit for an injunction against the Association. After some discovery, the parties entered into a stipulation under which the Association agreed to allow the owner to build his enclosure.
Jakobi then moved for attorney's fees, noting that the house Association bylaws contained a provision allowing fees to the association in any litigation with the owner. Jakobi argued that the reciprocity mandate of Florida Statutes Section 57.105(2) entitled him to prevailing-party fees. The trial court denied the motion, finding that the bylaws do not constitute a contract between the parties as contemplated under the statute and that the denial of the Jakobi's application for approval to construct a screen enclosure does not constitute a breach of contract. We disagree.
The Association bylaws provide that
[i]n any action or proceeding brought by the Association against a townhouse owner or an agent, employee, servant or guest of a townhouse owner, for failure to adhere to these By-Laws or the Rules and Regulations promulgated thereunder or in any action in which the Association is forced to become a party to an action or proceeding instituted by a townhouse owner or an agent, employee, servant or guest of such townhouse owner, the Association shall be entitled to the recovery of reasonable attorney's fees and court costs incurred therein including any such appeal therefrom.[1]
The declaration of covenants and restrictions also contains attorney's fees provisions. Section 57.105(2) now mandates that contractual attorney's fees provisions be reciprocal obligations:
If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
Jakobi's complaint for injunctive relief alleged that the Association arbitrarily and in bad faith discharged its duty to review applications for improvements under the bylaws. An owner's right to equal treatment by a condominium association has been recognized under both constitutional and estoppel theories. See White Egret Condominium, Inc., v. Franklin, 379 So.2d 346 (Fla. 1979); 5660 Collins Avenue Condominium, Inc. v. Dawson, 354 So.2d 432 (Fla. 3d DCA 1978); *327 Plaza Del Prado Condominium Ass'n v. Richman, 345 So.2d 851 (Fla. 3d DCA 1977). The declaration of covenants and restrictions prohibited the owner from building his screen enclosure until "the plans, specifications and location of the same shall have been submitted to and approved in writing as to harmony of external design and location in relation to surrounding structures and topography by the Board of Directors of the Association, or by the architectural control committee thereof." The Association was delegated the power and duty to review applications for approval. The foregoing cases recognize an implied duty of the Association to discharge its power of architectural review in a non-arbitrary fashion. Had the owner proceeded to build his screen enclosure without first seeking approval, he would have breached the declaration and under its terms would have been liable for attorney's fees in a suit by the Association. By submitting an application for approval to the architectural control committee, owner fulfilled his contractual duty under the declaration. By arbitrarily refusing to approve owner's plans where similar structures had been approved before, the Association forced the owner to file suit. This was an action "with respect to the contract" as contemplated by Section 57.105(2).
A more difficult question is raised by the further provision of Section 57.105(2) that "[t]his act shall take effect October 1, 1988, and shall apply to contracts entered into on said date or thereafter." The bylaws and declaration of restrictions and covenants both originally came into being prior to 1988. Thus, the original townhouse purchasers may not claim the benefits of Section 57.105(2). However, the owner purchased his townhouse in 1992. We hold that the 1992 townhouse deed transfer to the owner, rather than effecting a mere assignment, constituted a novation of the bylaws and declaration of covenants and restrictions as between the Master Association, the Townhouse Association, and the owner. Accordingly, owner may claim the reciprocity benefits of Section 57.105(2).
A novation is a mutual agreement between the parties for the discharge of a valid existing obligation by the substitution of a new valid obligation. Ades v. Bank of Montreal, 542 So.2d 1013 (Fla. 3d DCA), rev. denied, 551 So.2d 460 (Fla. 1989). A statute in effect at the time of a novation will determine the rights and obligations of the parties to the novation even if the statute was not in effect at the inception of the original contract. See Sans Souci v. Division of Florida Land Sales and Condominiums, 448 So.2d 1116 (Fla. 1st DCA 1984) (Sans Souci II); Fay Corp. v. BAT Holdings I, Inc., 646 F. Supp. 946 (W.D.Wash. 1986), aff'd, 896 F.2d 1227 (9th Cir.1990); Barton v. Perryman, 265 Ark. 228, 577 S.W.2d 596 (1979).
It appears to be an issue of first impression in Florida, and no other jurisdictions appear to have considered, whether a townhouse purchase constitutes a novation of the townhouse restrictions and covenants and association bylaws. We hold that the required elements of novation are satisfied in this case.
There are four essential elements necessary to form a substitute contract or novation: (1) the existence of a previously valid contract; (2) the agreement of the parties to cancel and extinguish the first contract; (3) the agreement of the parties that the second contract takes the place of the first; and (4) the validity of the new contract. See Ades, 542 So.2d at 1014; Sans Souci v. Division of Florida Land Sales and Condominiums, 421 So.2d 623, 630 (Fla. 1st DCA 1982) (Sans Souci I), appeal after remand, 448 So.2d 1116 (Fla. 1st DCA 1984). Because the declaration and bylaws are contractual, see Ryan v. Town of Manalapan, 414 So.2d 193, 196 (Fla. 1982), the first and fourth elements are plainly met in this case. Further, the second and third elements  agreement by all parties to cancel the first contract and replace it with a new contract  are established by the specific provisions of the declaration and bylaws themselves.
The declaration of covenants and restrictions provides that "`[o]wner' shall mean and refer to the record owner, whether one or more persons or entities, of the fee simple title to any Unit which is a part of the Property... ." The declaration and bylaws both provide that in addition to a lien on the *328 townhouse unit, the owner is personally liable for any unpaid assessments. When the current owner took title with record notice of this scheme he assumed a new personal contractual obligation with the master and townhouse associations and his seller was discharged of his personal contractual obligations. This meets the requirement of mutual consent to the novation, see Prucha v. Guarantee Reserve Life Ins., 358 So.2d 1155, 1157 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979), which "need not be shown by express words but may be implied from the circumstances of the transaction and by the conduct of the parties thereafter." Sans Souci II, 448 So.2d at 1121. Accordingly, Section 57.105(2) applies to Mr. Jakobi's suit, and he is entitled to fees.
Reversed and remanded.
NOTES
[1] The Association's argument that the bylaws were not properly executed was not raised below, nor is it of any moment since our holding would stand on the force of the provisions of the declaration of covenants and restrictions alone.