820 So.2d 450 (2002)
HOLIDAY SQUARE OWNERS ASSOCIATION, INC., Appellant,
v.
Konstantinos TSETSENIS, et al., Appellees.
No. 5D01-3746.
District Court of Appeal of Florida, Fifth District.
July 12, 2002.
*451 Thomas D. Wright, New Smyrna Beach, for Appellant.
Stephen R. Ponder of Van Houten & Ponder, P.A., Daytona Beach, for Appellees.
SHARP, W., J.
Holiday Square Owners Association, Inc. (Association) appeals from an order denying its request for an award of attorney fees after appellees (Konstantinos and Helen Tsetsenis) voluntarily dismissed *452 their lawsuit against the Association.[1] The Association argues it is entitled to an award of attorney fees, which is provided by the declaration to which both appellees and appellant are parties. The declaration governs all property owners in the commercial shopping plaza where the Tsetsenises' restaurant (the Athens Family Restaurant) is located, and empowers the Association to maintain the common areas of the commercial property and enforce the provisions of the declaration. We reverse.
The Tsetsenises filed a lawsuit against the owner and lessee (Amann and Hewitt) of Good Time Charlie's, which is located next to the Athens' Family Restaurant. They alleged various counts, including breach of the declaration and tortious interference with their business. They joined the Association as a defendant on the theory that the Association had failed to enforce the declaration, and had granted Amann and Hewitt privileges for Good Time Charlie's which were not extended to them. In all of their pleadings the various parties requested an award of attorney fees citing to the declaration.
The declaration contains the following provision:
Article VII
Section 1. Enforcement. The Association, or any Owner, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by, or pursuant to, the provisions of this Declaration; and the party enforcing the same shall have the right to recover all costs and expenses incurred, including reasonable attorneys' fees. In the event the Association enforces the provisions hereof against any Owner, the costs and expenses of such enforcement, including reasonable attorney's fees, may be assessed against such Owner's Lot as a special assessment pursuant to the provisions hereof. Failure by the Association or by any Owner to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so at any time. If these restrictions are enforced by appropriate proceedings by any such Owner or Owners, such Owner or Owners may be reimbursed by the Association for all or any part of the costs and expense incurred, including reasonable attorney's fees, in the discretion of the Board of Directors of the Association. (emphasis supplied)
In February 2000, the Tsetsenises, Amann and Hewitt entered into a stipulation settling their differences and all claims against each other. As part of the stipulation, they agreed to pay their own attorney's fees and costs. The stipulation was approved by the court. However, the Tsetsenises did not dismiss their claims against the Association.
The suit continued against the Association. There were motions for summary judgment and the matter was scheduled for trial several times. On May 16, 2201, the Tsetsenises and the Association filed a joint pre-trial statement which listed five issues to be tried. Attorney fees were also listed as an issue: "Depending upon the ruling of the court on the above issues, *453 whether or not either party is entitled to an award of costs and attorneys fees necessarily incurred herein and if so, the amount of said fees and costs."
On October 2, 2001, the Tsetsenises filed a notice of voluntary dismissal without prejudice. Thereafter, on October 17, 2001, the Association filed a motion for an award of attorney fees and costs, "pursuant to section 57.105 and the declaration." The court granted the Association's motion to tax costs, but it denied the request for attorney's fees without explanation.
Since the Tsetsenises voluntarily dismissed their lawsuit, the Association is entitled to recover attorney's fees as the "prevailing party," if attorney's fees are provided for by the declaration. Prescott v. Anthony, 803 So.2d 835 (Fla. 2d DCA 2001); Casarella, Inc. v. Zaremba Coconut Creek Parkway Corp., 595 So.2d 162 (Fla. 4th DCA 1992); Vidibor v. Adams, 509 So.2d 973 (Fla. 5th DCA 1987). However, the Tsetsenises argue the provision in the declaration does not apply to the Association because it took no action to enforce any of the "restrictions, conditions, covenants, reservations, liens and charges" of the declaration. The Association was solely in a defensive posture in the lawsuit. In somewhat similar lawsuits, parties in defensive positions were held to be entitled to attorney's fees because, by defending the contract or lease in question, the defendants were seeking to uphold and enforce their rights under those documents. See Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992); Casarella, Inc. v. Zaremba Coconut Creek Parkway Corp., 595 So.2d 162 (Fla. 4th DCA 1992).
Whether the Association is entitled to an attorney's fee award on this basis need not be decided, since we conclude it is entitled to fees under the reciprocity mandate of section 57.105(5), Florida Statutes:
(5) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.
This section makes a unilateral contract clause for prevailing party attorney's fees bilateral in effect. Indemnity Ins. Co. of North America v. Chambers, 732 So.2d 1141 (Fla. 4th DCA 1999). Since pursuant to the declaration in this case, an owner who prevailed in an action to enforce a provision of the declaration would be entitled to fees, the statute entitles the Association, even though solely in a defensive posture, to an award of attorney's fees as the prevailing party. The award is mandatory, once the lower court determines a party has prevailed. Landry v. Country-wide Home Loans, Inc., 731 So.2d 137 (Fla. 1st DCA 1999).
The Tsetsenises argue there are two reasons why the Association is not entitled to an award of attorney's fees under the statute. First, the Association failed to plead a claim for fees under this statute and, second, the statute was not in effect on the date the declaration was executed. We reject both arguments in this case.
It is accurate, as the Tsetsenises point out, that the Association's earlier pleadings requesting an award of costs and attorney's fees cite only to the declaration. It was not until after the voluntary dismissal that the Association cited to section 57.105, as a basis for the fee award. And even then, it did not cite to subsection (5) quoted above. Section 57.105 authorizes an award of attorney's fees on other grounds, in addition to the prevailing party in a suit *454 to enforce a contract, which provides for such an award. For example, the statute provides an award of attorney fees for frivolous litigation or actions taken to delay litigation.[2]
However, the Tsetsenises were clearly on notice that the Association was seeking an award of attorney's fees, based on the declaration, from the beginning of the lawsuit. Without the provision for attorney's fees in the declaration, section 57.105(5) would not be applicable. The Association therefore accurately set out one-half the basis for the award. The second half, or the dropping of the second shoe, stems from the parties' pre-trial stipulation. In that document, they acknowledged an award of attorney's fees would be appropriate to either party, "depending on the ruling of the court on the [substantive] issues." By those words, the Tsetsenises acknowledged the application of section 57.105(5), that the prevailing party would be entitled to an award of attorney's fees. Or at least, the stipulation constituted a waiver by the Tsetsenises of any objection to the Association's failure to specifically refer to section 57.105(5).[3]
Those facts distinguish cases decided by this court, which reverse attorney's fee awards under section 57.105(5) and other statutes, for failure to timely plead the basis for the award. In United Pacific Ins. Co. v. Berryhill, 620 So.2d 1077 (Fla. 5th DCA 1993), an attorney's fee award was reversed because the party to whom the award was made failed to plead the statute under which the award was made (section 501.2105), and further, this court found that statute was not applicable to the transaction in the case. In Starkey v. Linn, 723 So.2d 333 (Fla. 5th DCA 1998), this court reversed an award of attorney's fees in a paternity action as untimely because the party to whom the award was made failed to request fees pursuant to the possibly applicable statute until the fee hearing was held.
In Caufield v. Cantele, 745 So.2d 431 (Fla. 5th DCA 1999) (conflict certified), rev. granted, 767 So.2d 454 (Fla.2000), this court upheld the denial of an attorney's fee award. The Caufields sought an attorney's fee award pursuant to a contract, after the Canteles voluntarily dismissed their lawsuit. This court held the Caufields failed to plead entitlement to fees *455 because they merely requested an award of attorney's fees in their answer, in general, without citing any basis. Not until the Canteles voluntarily dismissed the lawsuit did the Caufields move for an award of attorney's fees pursuant to provisions in their contract. There was also no pre-trial stipulation or acknowledgment by the parties that an issue for trial would be the Caufields' right to attorney's fees, as a prevailing party, thereby acknowledging a basis for the attorney's fee award.
The Tsetsenises raise as a second bar to an award of attorney's fees the fact that section 57.105(5) was not in effect at the time the declaration was executed. The statute provides that this subsection applies to any contract entered into on or after October 1, 1988. The declaration was executed in 1981.
However, the date of the declaration is not determinative. In Jakobi v. Kings Creek Village Townhouse Ass'n, Inc., 665 So.2d 325 (Fla. 3d DCA 1995), the court held that section 57.105(2) (now section 57.105(5)) applied even though the association documents, which provide for attorney's fees, came into existence prior to 1988, due to the effect of the judicial doctrine of "novation." In that case, the party seeking the attorney's fee award purchased his townhouse in 1992, after the effective date of section 57.105(5). The court concluded that the 1992 transfer to Jakobi constituted a novation of the bylaws, declaration and restrictions, as between the association and the new owner thereby creating a new legal agreement between the parties on that date, which incorporated applicable law in existence on that date.
We agree with the Jakobi court and adopt its reasoning as our own:
A novation is a mutual agreement between the parties for the discharge of a valid existing obligation by the substitution of a new valid obligation.... A statute in effect at the time of a novation will determine the rights and obligations of the parties to the novation even if the statute was not in effect at the inception of the original contract....
There are four essential elements necessary to form a substitute contract or novation: (1) the existence of a previously valid contract; (2) the agreement of the parties to cancel and extinguish the first contract; (3) the agreement of the parties that the second contract takes the place of the first; and (4) the validity of the new contract.... Because the declaration and bylaws are contractual,... the first and fourth elements are plainly met in this case. Further, the second and third elementsagreement by all parties to cancel the first contract and replace it with a new contractare established by the specific provisions of the declaration and bylaws themselves.
The declaration of covenants and restrictions provides that "`[o]wner' shall mean and refer to the record owner, whether one or more persons or entities, of the fee simple title to any Unit which is a part of the Property...." The declaration and bylaws both provide that in addition to a lien on the townhouse unit, the owner is personally liable for any unpaid assessments. When the current owner took title with record notice of this scheme he assumed a new personal contractual obligation with the master and townhouse associations and his seller was discharged of his personal contractual obligations. This meets the requirement of mutual consent to the novation ... which "need not be shown by express words but may be implied from the circumstances of the transaction and by the conduct of the parties thereafter." ... Accordingly, Section 57.105(2) applies to Mr. Jakobi's suit, *456 and he is entitled to fees. (citations omitted)
665 So.2d at 327-328.
This case is indistinguishable from Jakobi. The declaration defines "owner" as the "record owner whether one or more persons or entities, of the fee simple title to any or all of the nine (9) parcels or lots which are part of the property...." It also provides that each assessment, in addition to being a lien on the property, is the personal obligation of the owner. It is undisputed that the Tsetsenises purchased their restaurant property in 1994. Thus their purchase in 1994 constituted a novation of the declaration between the Tsetsenises and the Association, and entitled the Association to the reciprocity benefits of section 57.105(5).
REVERSED and REMANDED for An Award of Attorney Fees.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] Other districts hold that certiorari is the appropriate method to review an attorney's fee order such as this because it was entered after a non-final and non-appealable voluntary dismissal. See, e.g., Barry A. Cohen, P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2d DCA 1992). However, this court has held that such orders are properly reviewed by appeal Caufield v. Cantele, 745 So.2d 431 (Fla. 5th DCA 1999)(conflict certified), rev. granted, 767 So.2d 454 (Fla.2000).
[2] § 57.105(1) and (3) provide:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts....
* * *
(3) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.
[3] Stockman v. Downs, 573 So.2d 835 (Fla. 1991); Prescott; Caufield; Tri-County Development Group, Inc. v. C.P.T. of South Florida, Inc., 740 So.2d 573 (Fla. 4th DCA 1999).