DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GLORIA ANN STRATTON,**
Appellant,

v.

**PORT ST. LUCIE MGT, LLC**
d/b/a **EMERALD HEALTH CARE CENTER,**
Appellee.

No. 4D13-1778

[September 3, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562013CA000712.

Jeffrey C. Fulford of Jeffrey C. Fulford, P.A., Stuart, for appellant.

James H. Wyman of Hinshaw & Culbertson LLP, Coral Gables, for appellee.

Michael L. Forte of Rumberger, Kirk & Caldwell, P.A., Tampa, for Amicus Curiae Florida Defense Lawyers Association.

SCHER, ROSEMARIE, Associate Judge.

Gloria Ann Stratton appeals the trial court's order denying her attorney's fees and costs under an "Admission Agreement" entered into with Port St. Lucie Mgt, LLC d/b/a Emerald Health Care Center ("Emerald"), a nursing home facility. Stratton asserts that her claim for attorney's fees and costs arises out of a contract allowing fees to Emerald if Emerald prevailed in the same underlying action; accordingly, as the prevailing party, under section 57.105(7), Florida Statutes (2008), she is entitled to fees. Under the expansive and unique attorney's fee provision within this contractual agreement between the parties, as well as the course of the arbitration proceedings, we agree and reverse.

Under the Admission Agreement, Stratton consented to care and treatment at Emerald's facility; Emerald was obligated to use reasonable care toward Stratton, "the Resident." Additionally, the agreement

contained an arbitration provision and attorney's fee provision allowing Emerald to recover attorney's fees and costs for any legal action or proceeding if Emerald was found to have committed "no wrongdoing." The parties proceeded to arbitration with a stipulation that "wrongdoing" meant negligence. Although not required under the arbitration rules, Stratton filed an amended petition including a claim for attorney's fees and costs under the agreement. Implicit within the parties' stipulation on the meaning of wrongdoing was the understanding that Emerald would be moving for fees if the arbitrators determined Emerald was without wrongdoing. Based on this understanding, Stratton also operated under the assumption that if Emerald was determined to be responsible for wrongdoing and responsible for her damages, she, too, would be entitled to reciprocal fees.

In *Florida Hurricane Protection and Awning, Inc. v. Pastina*, 43 So. 3d 893, 895 (Fla. 4th DCA 2010), this court reiterated that section 57.105(7) is to be strictly construed. The contractual provision between the parties allowing fees is the key to determining whether the party claiming fees has an enforceable right under section 57.105(7); the parties are entitled to no more than allowable under the contract and, correspondingly, no less:

> The statute is designed to even the playing field, not expand it beyond the terms of the agreement. . . . In *Inland Dredging Co. v. The Panama City Port Authority*, 406 F. Supp. 2d 1277 (N.D. Fla. 2005), Judge Hinkle explained: "[T]he purpose of the statute is simply to ensure that each party gets what it gives. . . . Under [section] 57.105(7), plaintiff gets what it gave: the ability to recover fees in litigation arising under these contractual provisions." *Id.* at 1283. The statute renders "bilateral a unilateral contractual clause for prevailing party attorney's fees." *Indem. Ins. Co. of N. Am. v. Chambers,* 732 So. 2d 1141, 1143 (Fla. 4th DCA 1999); *see also Holiday Square Owners Ass'n, Inc. v. Tsetsenis,* 820 So. 2d 450, 453 (Fla. 5th DCA 2002) (holding fee provision becomes bilateral under section 57.105(7), "even though solely in a defensive posture.")
>
> Simply put, the statute means what it says and says what it means; nothing more, nothing less. Our court and others have consistently read the statute in the same way.

*Id.*

In this case, the non-drafting party is enforcing the same type of finding in the same type of action that would have allowed attorney's fees to Emerald. Because the expansive wording of the provision at issue would have allowed Emerald to recover attorney's fees if the arbitrators' findings had been in its favor, under the agreement, Stratton also is entitled to her attorney's fees and costs.

*Reversed.*

GROSS AND MAY, JJ. concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***