DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**C.V.P. COMMUNITY CENTER, INC.,**
Appellant,

**v.**

**MCCORMICK 105, LLC,**
Appellee.

No. 4D19-1515

[August 5, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE16005134.

Kristen M. Fiore and Diane G. DeWolf of Akerman LLP, Tallahassee, and Christine B. Gardner of Akerman LLP, West Palm Beach, for appellant.

Manuel Farach of McGlinchey Stafford, Fort Lauderdale, for appellee.

WARNER, J.

C.V.P. Community Center, Inc. appeals from an award of attorney's fees to McCormick 105, LLC, an institutional mortgagee and condominium unit owner. The trial court awarded fees based upon an attorney's fees provision in a long-term lease and declaration of condominium and the application of section 57.105(7), Florida Statutes (2014). While the lease and condominium documents allowed fees only to the lessee, the court found that the statute authorized a reciprocal award to McCormick when it was the prevailing party. That section, however, applies to contracts which were entered into on or after October 1, 1988. As the contracts in this case were entered into before that date, section 57.105(7) did not apply. We thus reverse the award of attorney's fees to McCormick. C.V.P. also appeals the denial of an award of fees to it. However, we dismiss its appeal as untimely.

Century Village of Pembroke Pines, a condominium, was developed in 1984. Its recreational facilities are the subject of a long-term lease (LTL) from C.V.P. Community Center, Inc. The provisions of the lease and condominium documents require each individual unit owner to pay rent

to C.V.P. for the use of the facilities. The Master Management Agreement of the condominium provides that C.V.P. holds a first lien on the units, paramount to all others. The documents also provide that where an institutional mortgagee acquires title as a result of a foreclosure, it is not liable for rental sums coming due prior to the acquisition of title.

McCormick became an owner of a condominium unit in Century Village through purchase of a unit in a foreclosure sale. When McCormick sought to sell its unit, a dispute arose with C.V.P. as to whether it owed the prior owner's past due rental payments. McCormick filed suit for declaratory judgment and breach of contract as to these past due amounts and also sought an abatement of rents for as long as it held title. Ultimately, the court held that McCormick was an institutional mortgagee and not liable for the past due assessments. It entered judgment in McCormick's favor.

Thereafter, McCormick and C.V.P. both filed motions for attorney's fees and costs. McCormick sought fees as the prevailing party based upon the lease provisions and other documents in which C.V.P., as lessor, was entitled to fees if it prevailed. By application of section 57.105(7), McCormick claimed entitlement to fees. C.V.P. also sought fees based upon provisions in the lease and documents.

The trial court found that McCormick prevailed and granted fees to it, setting a hearing regarding the amount of its fees. Later, after a second hearing on C.V.P.'s motion for attorney's fees, the court denied C.V.P. its attorney's fees, referencing its previous order determining that McCormick was the prevailing party. C.V.P. did not appeal this ruling.

Subsequently, the court held an evidentiary hearing on McCormick's motion for fees and costs and awarded McCormick $141,475.15 in attorney's fees, costs and expert witness fees. C.V.P. timely appealed the court's order granting fees to McCormick. It also appealed the prior order denying its fees.

Where an attorney's fee award depends upon a trial court's interpretation of a contract and statute, the issue is a matter of law subject to a de novo standard of review. *US Acquisition, LLC v. Tabas, Freedman, Soloff, Miller & Brown, P.A.,* 87 So. 3d 1229, 1234 (Fla. 4th DCA 2012); *Deutsche Bank v. Quintela,* 268 So. 3d 156 (Fla. 4th DCA 2019).

C.V.P. argues that only it (and not McCormick) can recover attorney's fees and costs under articles 11.5 and 13 of the Long Term Lease and article 21.3 of the Declaration of Condominium. Articles 11.5 and 13 of the LTL provide that only a "Lessor" can recover attorney's fees and costs.

2

And article 21.2 limits recovery of fees and costs to "Management Firms, Lessors, or the Sponsor if it prevails." We need not set forth the extensive provisions of the documents here, because McCormick does not contest these provisions limit attorney's fees to C.V.P.. Instead, it argues that the amendments to section 57.105(7) which made attorney's fees reciprocal applied because there was a novation.

Section 57.105(7), enacted in 1988, provides:

> (7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. **This subsection applies to any contract entered into on or after October 1, 1988**.

(Emphasis added.) The LTL and condominium declarations were executed in 1984 and contained a provision that the agreement "is to be construed in accordance with the laws of the State of Florida as they exist on February 1, 1984." There is no provision in any of the documents which incorporates future statutory amendments into the documents. Therefore, based upon the plain reading of the statute and the LTL, section 57.105(7) would not apply.

McCormick argues, however, that a novation occurred to the original condominium documents and LTL by the transfer of the certificate of title after foreclosure such that the obligations of the old unit owner were cancelled and new obligations arose, thus engrafting section 57.105(7) into the provisions of the documents. It relies on *Jakobi v. Kings Creek Village Townhouse Assoc., Inc.*, 665 So. 2d 325 (Fla. 3d DCA 1995). While we disagree with *Jakobi*, we conclude it is inapplicable.

In that case, Jakobi bought a townhouse in 1992 and wanted to install screening on the front of his home, which the homeowner's association disapproved. After litigation, the association stipulated that he could build his screened enclosure. Jakobi then moved for attorney's fees because the association bylaws contained a provision which allowed fees to the association in any litigation with the owner. The bylaws predated the enactment of section 57.105(7), and Jakobi argued that under the reciprocity provisions, he was entitled to fees as the prevailing party, as he claimed that the statute became part of the contract when he purchased in 1992.

3

On appeal from the denial of his motion, the appellate court reversed, concluding that the deed transferring the unit to Jakobi resulted in a novation of the bylaws and declarations such that the owner could claim the benefits of the statute. The court explained the elements of a novation:

> There are four essential elements necessary to form a substitute contract or novation: (1) the existence of a previously valid contract; (2) the agreement of the parties to cancel and extinguish the first contract; (3) the agreement of the parties that the second contract takes the place of the first; and (4) the validity of the new contract. Because the declaration and bylaws are contractual, the first and fourth elements are plainly met in this case. Further, the second and third elements—agreement by all parties to cancel the first contract and replace it with a new contract—are established by the specific provisions of the declaration and bylaws themselves.

*Id.* at 327 (citations omitted). The court cited *Sans Souci v. Division of Florida Land Sales & Condominiums*, 448 So. 2d 1116, 1121 (Fla. 1st DCA 1984), for the concept that a statute in effect at the time of a novation will determine the rights and obligations of the parties to the novation, even if the statute was not in effect at the inception of the original contract. In *Sans Souci*, however, the court emphasized the element of consent to cancel the old agreement and for the new agreement to take its place. It then determined that consent had not been shown.

In *Jakobi* the court concluded that consent had been shown by the fact that the declaration of covenants and by-laws required a new owner to be responsible for any unpaid assessments. When Jakobi took title, he took over the obligation of unpaid assessments, which, according to the court, amounted to mutual consent to a valid new contract.

We disagree with the reasoning of *Jakobi* that taking over the obligation of unpaid assessments amounts to a novation of the contract between the parties. In our view, there is no mutual assent to a new contract; instead, the owner agreed to be bound by the terms of the old contract.

Nevertheless, the facts of this case are considerably different. McCormick did not agree to be responsible for any unpaid assessments. The gist of the litigation was McCormick's insistence that it was *not* required to pay any unpaid assessments pursuant to the terms of lease and condominium documents as they were originally drafted. It assumed no obligation of a prior owner.

4

Furthermore, the condominium documents contain provisions which would show no consent to establish a new contract incorporating post 1984 law. The documents expressly provide that 1984 law applies. They also provide that "no amendments to the declaration or other condominium documents or a change in the Florida Statutes shall serve to amend this Lease." Given those direct statements in the documents, we do not find in the documents any mutual consent to establish a valid new contract.

There was no novation of the contract which would make section 57.105(7) applicable. McCormick was not entitled to fees pursuant to any provision of the LTL or condominium documents. The court erred in granting fees to it.

As to C.V.P.'s appeal of the order denying its motion for attorney's fees, we dismiss it as untimely. Post-judgment orders denying motions for attorney's fees are appealable final orders. *Fla. Peninsula Ins. Co. v. Deporter*, 275 So. 3d 628, 629 (Fla. 4th DCA 2019); *BDO Seidman, LLP v. British Car Auctions, Inc.*, 789 So. 2d 1019, 1020 (Fla. 4th DCA 2001). As such, an appeal must be filed within thirty days. The order denying C.V.P.'s motion for attorney's fees did not require any further judicial labor, thus making it final, and it was not appealed when rendered. The mere fact that the order of denial referenced a prior order granting fees to McCormick did not make it non-final. The obvious purpose for reference to the earlier order was to reiterate its finding that McCormick was the prevailing party. That reference did not make the order non-final. Because the appeal of the order is untimely, we do not have jurisdiction to address the issue.

For the foregoing reasons, we reverse the order granting attorney's fees to McCormick. We dismiss the appeal of the order denying attorney's fees to C.V.P..

GROSS and GERBER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

5