ORFINGER, Judge.
We find no abuse of the trial court’s discretion in awarding of attorney’s fees to appellee Orange County under the provisions of section 57.105, Florida Statutes (1985). Appellants sued Orange County alleging that Angela Zipperer, while operating her own vehicle in the course and scope of her employment as an employee of the Orange County Health Department, negligently injured the minor plaintiff. To comply with section 768.28(6), Florida Statutes (1985), appellants notified the State Insurance Commissioner of the accident, contending that Zipperer was a state employee (as she was) and demanding damages from the state, sending a copy of the demand to Orange County. The County promptly advised appellants’ counsel that Zipperer was not a county employee. Despite this advice, and without investigating further, appellants joined the County as a defendant, only to voluntarily dismiss it after the County moved for summary judgment and asked for attorney’s fees. Clearly, there was no justiciable issue of law or fact raised against the county. Trial counsel’s explanation for joining the County was that he assumed that the Orange County Health Department was an agency of the County.
Nothing the county did led to this erroneous assumption. Zipperer was driving her own automobile, so the only basis on which liability was asserted against the County was the allegation that she was a county employee acting within the scope of her employment when the accident occurred. Counsel apparently verified Zipperer’s employment with the Health Department but did not make even a minimal investigation to determine if the health unit was, in fact, an agency of the County before filing suit, despite the fact that he had been notified in writing that Zipperer was not a county employee. Thus, the facts in this case are similar to those in Parrino v. Ayers, 469 So.2d 837 (Fla. 5th DCA 1985) and in Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981), where the award of fees under this statute was approved, and are distinguishable from McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984), where the defendant was incorrectly sued as the owner of the offending automobile because the official police accident report listed her as the owner.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.