732 So.2d 1141 (1999)
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o Unidas Systems, Inc., Appellant/Cross-Appellee,
v.
Lloyd CHAMBERS and Tetra Pak, Inc., Appellees/Cross-Appellants.
No. 98-1310.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
*1142 John D. Derrevere., Adam D. Falcon, and Shirley McEachern of Derrevere & Associates, West Palm Beach, for appellant/cross-appellee.
Russell D. Kaplan of Russell D. Kaplan, P.A., Fort Lauderdale, for Appellee/cross-appellant-Lloyd Chambers
Robert A. Plafsky of Robert A. Plafsky, P.A., Fort Lauderdale, for Appellee/cross-appellant-Tetra Pak, Inc.
STONE, C.J.
Indemnity Insurance Company appeals an award of attorney's fees and expert witness fees in favor of Tetra Pak, Inc. and attorney's fees in favor of Lloyd Chambers. We affirm the award of attorney's fees and expert witness fees as to Tetra Pak, reverse the award of attorney's fees as to Chambers, and declare all other points on appeal and cross-appeal moot.
The cause of action below was based on payment made by Unidas, Indemnity's insured, for personal injury and property damages caused by Chambers in a car rented from Unidas. Indemnity filed a subrogation claim against Chambers and also sued Tetra Pak as his employer. The evidence showed that while Chambers was employed by Tetra Pak when the instant lawsuit was filed, he was neither employed by, nor acting within the scope of employment for, Tetra Pak at the time of the car rental and collision. Moreover, Indemnity had been apprised of that fact at the time it filed suit against Tetra Pak.
Upon granting Tetra Pak's motion to dismiss with prejudice, the trial court found that Tetra Pak was entitled to attorney's fees under section 57.105(1), Florida Statutes, based on its finding that no justiciable issue of fact or law existed when Appellant filed suit against Tetra Pak. The trial judge also awarded Tetra Pak its expert witness fees incurred in establishing the reasonableness of its attorney's fees.
We find ample record support for the trial court's award of attorney's fees to Tetra Pak, see L.L. v. Zipperer, 484 So.2d 92 (Fla. 5th DCA 1986), and, therefore, find no abuse of discretion. See Transflorida Bank v. Miller, 576 So.2d 752 (Fla. 4th DCA 1991). We also affirm the award of expert witness fees, Appellant having conceded the authority of Travieso v. Travieso, 474 So.2d 1184 (Fla.1985).
Indemnity voluntarily dismissed its complaint against Chambers, and the *1143 trial judge awarded attorney's fees to Chambers based on Florida Rules of Civil Procedure 1.420(d) and section 57.105(2), Florida Statutes. In a voluntary dismissal, the trial court has jurisdiction to award attorney's fees as costs to the prevailing party where authorized by a contract between the parties. See Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp. of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986). Section 57.105(2) renders bilateral a unilateral contractual clause for prevailing party attorney's fees.
We hold that the trial court erred in determining that the provision for prevailing party attorney's fees in the underlying rental contract included attorney's fees incurred in the event of liability for personal or property damage. The contract provided for attorney's fees for collection of charges due under the agreement; the term "charges," in this contract, clearly did not include costs of reimbursement for personal injury or property damages caused by the renter.
We find no merit in Chambers' contention that Indemnity has taken inconsistent positions in this litigation with respect to attorney's fees and should, therefore, be estopped from arguing the inapplicability of the prevailing party attorney's fee clause. We deem Montero v. Compugraphic Corp., 531 So.2d 1034 (Fla. 3d DCA 1988), where a defendant in a contract action was estopped from denying the existence of contract relying on the same contract for a shortened limitation of action period, inapposite. We recognize that Appellant initially pled entitlement to attorney's fees under the contract; however, the complaint was voluntarily dismissed. Hence, the claim for attorney's fees was dropped before its applicability was tested. Furthermore, Appellant was required to plead entitlement to attorney's fees at the pleading stage or waive its claim, see Green v. Sun Harbor Homeowner's Ass'n, Inc., 730 So.2d 1261 (Fla. 1998); Appellee bore no such requirement. Thus, we conclude that principles of fundamental fairness would be subverted if attorney's fees were awarded under a clause that clearly did not provide for them merely because of Appellant's initial, and later voluntarily dismissed, prayer.
Accordingly, the final judgment for attorney's and expert witness fees awarded to Tetra Pak is affirmed, and the final judgment for attorney's fees as to Chambers is reversed.
WARNER and GROSS, JJ., concur.