860 So.2d 462 (2003)
SUBWAY RESTAURANTS, INC., Appellant,
v.
Homer THOMAS, Appellee.
No. 4D02-3627.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
Rehearing Denied December 22, 2003.
Robert D. McIntosh and Rachel M. Coe of Adorno & Yoss, P.A., Fort Lauderdale, for appellant.
Kenneth D. Cooper of Kenneth D. Cooper, P.A., Fort Lauderdale, for appellee.
HAZOURI, J.
Subway Restaurants, Inc., appeals from the trial court's final judgment awarding attorney's fees to Homer Thomas pursuant to section 57.105(6), Florida Statutes (2002). We reverse.
Subway filed suit under their franchise agreement to evict Thomas, a franchisee of Subway, from the premises of Thomas's Subway franchise. A default judgment was entered against Thomas which was later vacated. Thomas subsequently filed suit against Subway for wrongful eviction, violation of Thomas's civil rights, and breach of contract based upon the lease and the franchise agreement. Thomas made a demand for attorney's fees. Subway's suit for eviction was consolidated with the action filed by Thomas. Thomas prevailed in his suit and recovered damages *463 from Subway. This court affirmed that decision in Thomas v. Doctors Associates, Inc., 856 So.2d 1129, 2003 WL 22399708 (Fla. 4th DCA Oct.22, 2003).
Thomas then filed his motion for entitlement to reasonable attorney's fees as the prevailing party. After a hearing on the motion, the trial court granted the motion and found that Thomas was entitled to his attorney's fees. Thereafter, Thomas was awarded fees in the amount of $360,000.
Subway raises three points on appeal. Subway first argues that the trial court erred in awarding attorney's fees to Thomas under section 57.105(6) because the provision for attorney's fees to the prevailing party on an action under a contract is only mutual as to the specific terms of the attorney's fees provision in the contract. In particular, the entitlement to attorney's fees applied only to claims for recovery of unpaid rents, which was not the basis upon which Thomas prevailed. We agree and therefore, it is unnecessary to discuss the other two issues raised as to the amount of fees awarded.
The contract in this case allows for the recovery of attorney's fees under the following circumstances: "Lessee agrees to pay the cost of collection and reasonable attorney's fees on any part of said rental that may be collected by suit or by attorney, after the same is past due." Based on this provision, the trial court awarded Thomas his fees under section 57.105(6) which provides:
(6) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.
In Anderson Columbia Co. v. Department of Transportation, 744 So.2d 1206 (Fla. 1st DCA 1999), Anderson brought an action against the Department for breach of a construction contract and prevailed in the trial court. However, the trial court denied Anderson's request for attorney's fees. Under the construction contract, Anderson was required to furnish the Department with a bond which became part of the construction contract. If Anderson breached the contract and the Department brought an action on the bond, the Department had the right to recover attorney's fees under the following contract provision:
Default by Contractor: In case of default on the part of the Contractor, actions for all expenses incidental to ascertaining and collecting losses under the bond, including accounting, engineering and legal services, together with any and all costs incurred in connection with renegotiation of the contract, shall lie against the bond.
Id. at 1206. In its claim for attorney's fees before the trial court, Anderson argued that "although its action against FDOT was not on the bond, under the broad provisions of section [57.105(6)], recovery of attorney's fees is permitted `in any action' in which it prevailed under the contract." Id. at 1207.
On appeal, the district court affirmed the trial court's finding that the Department's right to recover was limited to the extent of ascertaining and collecting losses under the bond. Anderson's action was not on the bond but on the contract. Therefore, because the contractual provision limited fees to bond actions, Anderson was not entitled to fees under the statute.
This court considered the same issue in Indemnity Insurance Co. of North America v. Chambers, 732 So.2d 1141 (Fla. 4th DCA 1999). In that case, Indemnity's insured, *464 Unidas, made payment for personal injury and property damages caused by Chambers while driving a vehicle rented from Unidas. Indemnity then filed a subrogation claim against Chambers. Indemnity voluntarily dismissed its complaint against Chambers and the trial judge awarded fees to Chambers under Florida Rule of Civil Procedure 1.420(d) and section 57.105(6). On appeal, this court reversed and stated:
We hold that the trial court erred in determining that the provision for prevailing party attorney's fees in the underlying rental contract included attorney's fees incurred in the event of liability for personal or property damage. The contract provided for attorney's fees for collection of charges due under the agreement; the term "charges," in the contract, clearly did not include costs of reimbursement for personal injury or property damages caused by the renter.
Id. at 1143.
Anderson and Chambers control the decision in the instant case. The attorney's fee provision in the lease limited Subway's entitlement to attorney's fees to actions for the collection of overdue unpaid rents. Subway brought an action to evict Thomas from the premises and never sought to collect rents that were overdue. Thomas's action against Subway was for wrongful eviction and for breach of contract for evicting him. These actions never triggered Subway's limited entitlement to attorney's fees. Therefore, Thomas was not entitled to his fees under section 57.105(6).
REVERSED.
STONE and SHAHOOD, JJ., concur.