INLAND DREDGING COMPANY,
L.L.C., Plaintiff,

v.

The PANAMA CITY PORT
AUTHORITY, etc.,
Defendant.

No. 5:04CV280–RH/WCS.

United States District Court,
N.D. Florida,
Panama City Division.

Dec. 28, 2005.

Bruce Douglas Partington, Clark Partington Hart etc, Pensacola, FL, for Plaintiff.

Clifford Carlton Higby, Bryant & Higby Chrtd., Panama City, FL, Davisson F. Dunlap, Jr., Dunlap Toole Shipman etc, Tallahassee, FL, for Defendant.

## ORDER DETERMINING ENTITLEMENT TO ATTORNEY'S FEES

HINKLE, Chief Judge.

This construction contract dispute, encompassing both plaintiff's complaint and defendant's counterclaim, has been tried to the court. A judgment has been entered for plaintiff in an amount substantially less than plaintiff sought. Plaintiff has moved for an order determining its entitlement to attorney's fees. I grant the motion in part, concluding that plaintiff is entitled to recover fees reasonably incurred on claims that are within the scope of a contractual attorney's fee provision and on which plaintiff prevailed, but not to recover fees incurred only on claims not within the scope of any contractual attorney's fee provision or on which plaintiff did not prevail.

### I

Plaintiff (a dredging contractor) and defendant (owner and operator of an industrial port) entered a contract under which plaintiff was to dredge specified portions of the port. In the course of the work, plaintiff encountered debris and obstructions that plaintiff asserted were sufficient to afford plaintiff the right to an adjustment of the contract price. Plaintiff failed, however, to comply with the contract's requirement to inform defendant of the detailed basis for and amount of any such claim within a 30–day period. When plaintiff later submitted an untimely claim, the engineer denied the claim on the merits. Defendant withheld final payment on the contract price and did not pay the additional claim.

Plaintiff filed this action seeking recovery of two amounts. First, plaintiff demanded $33,431.31, the remaining amount due on the original contract price. Second, plaintiff sought an additional $1,629,255 based on the differing site con-

ditions. Defendant counterclaimed, seeking to recover over $293,000 that defendant paid third parties for removing some of the debris and obstructions at issue— work that defendant said plaintiff should have performed under the contract. Defendant also sought liquidated damages of $52,000 for plaintiff's late completion of the job. Finally, defendant sought to offset these amounts against the remaining $33,431.31 that otherwise would have been due on the original contract.

Following a bench trial, I concluded that the debris and obstructions at issue were differing subsurface or physical conditions sufficient to afford plaintiff the right under the express terms of the contract to an adjustment of the contract price but that plaintiff's failure to inform defendant of the detailed basis for, and amount of, the claim within the mandated 30–day period barred the claim. I concluded that plaintiff was not responsible for removal of the debris and obstructions that defendant hired third parties to remove, and that plaintiff's delayed completion of the job resulted from the differing site conditions, precluding defendant from recovering liquidated damages. As an alternative basis for rejecting defendant's claims, I concluded that defendant had failed to give the contractually required notice of those claims. Based on these conclusions, I directed entry of judgment (a) for plaintiff for the unpaid amount due under the original contract, $33,431.31, plus interest, and (b) dismissing the counterclaim in its entirety. The initial calculation of interest was incorrect, leading to entry of an amended judgment. I later denied plaintiff's motion for a new trial or to alter or amend the judgment on substantive grounds.

Under this court's bifurcated attorney's fee procedure, a party's *entitlement* to fees must be determined prior to litigation of the *amount* of fees. *See* N.D. Fla. Loc. R. 54.1. In accordance with this procedure, plaintiff has moved for an order determining its entitlement to fees both for prosecuting the complaint and for defending the counterclaim. Plaintiff bases its fee claim on various provisions of the contract and a Florida statute that extends the coverage of contractual fee provisions. Defendant opposes the motion, asserting that plaintiff did not prevail in the litigation and thus cannot recover fees at all. With respect to the counterclaim, defendant also notes that plaintiff did not demand attorney's fees in its answer, and defendant asserts this bars any award of fees now. This order addresses the procedural issue first, followed by the substantive issues.

**II**

■ Defendant asserts that, under Florida law, a party may not recover attorney's fees unless the party specifically demands fees in its pleadings. *See, e.g., Stockman v. Downs*, 573 So.2d 835, 837 (Fla.1991).[1] Whether that rule would preclude a party from recovering fees for defending a counterclaim when the party has demanded fees in its complaint but not in its answer to the counterclaim may be unclear. *See Anglia Jacs & Co., Inc. v. Dubin*, 830 So.2d 169, 172 (Fla. 4th DCA 2002). But all of this is beside the point, because the rules of pleading in federal litigation are established by the Federal Rules of Civil Procedure, not by state law. *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 472–73, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (holding that even in diversity cases, federal rules, not contrary state procedures, govern mat-

---

1. *Stockman* recognized an exception: fees may be recovered in the absence of a demand in a party's pleadings if the adverse party has notice of the claim and by its conduct recognizes or acquiesces in the claim. *Id.* at 838.

ters to which they apply); *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir.1999) (holding Florida statute on procedure for pleading punitive damages inapplicable in federal diversity case), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000); *Metcalf v. Beverly Health and Rehabilitation Servs., Inc.*, 32 F.Supp.2d 1307 (N.D.Fla.1999). Under Federal Rule of Civil Procedure 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

▮ The controlling law in this circuit is that, under Rule 54(c), a party may recover attorney's fees without including in its pleadings a specific demand therefor. *See, e.g., Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir.2000); *Engel v. Teleprompter Corp.*, 732 F.2d 1238 (5th Cir.1984). *Capital Asset*, like the case at bar, was a diversity action for breach of contract governed by state substantive law. Relying in part on Rule 54(c), the Eleventh Circuit upheld an award of attorney's fees to the prevailing party, even though the party had not demanded fees in its pleadings. Under the settled law of the circuit, therefore, Inland's failure to demand fees in its answer to the counterclaim makes no difference.

### III

▮ Unlike the procedural issue, the question of whether Inland is *substantively* entitled to an award of fees is governed by the state law of Florida. *See, e.g., McMahan v. Toto*, 256 F.3d 1120 (11th Cir.2001). Under Florida law, a party must bear "its own attorney's fees unless a statute or contract provides otherwise." *Price v. Tyler*, 890 So.2d 246, 250 (Fla.

2004) (quoting *Pepper's Steel & Alloys, Inc. v. United States*, 850 So.2d 462, 465 (Fla.2003)).[2]

No Florida statute provides for recovery of fees in contract litigation of the type at issue in the case at bar. A Florida statute does, however, extend the reach of contractual fee provisions in some circumstances. *See* § 57.105(7), Fla. Stat. (2005). The issue, then, is whether any provision of this contract, as extended by § 57.105(7), provides for recovery of fees in this litigation. This order addresses the contractual provisions on which plaintiff relies and then addresses Florida cases dealing more generically with contractual "prevailing party" attorney's fee provisions.

### A

▮ Plaintiff first invokes the contract's definition of "Cost of the Work." The definition includes not only such obvious costs of dredging work as payroll and equipment expenses but also costs of "special consultants" including "attorneys." (Contract, ex. DE–3, General Conditions § 11.01.-A.4., page 00100–45.)

The definition of "Cost of the Work" comes into play in the case at bar based on a series of other provisions. First, the contract afforded plaintiff the right to an equitable adjustment of the contract price based on differing site or physical conditions, subject to various qualifications. (*Id.* § 4.03.C., page 00100–15.) Absent an agreement on plaintiff's entitlement to and the amount of any such adjustment, plaintiff was required to seek such an adjustment through the claims process established by General Conditions § 10.05. (*Id.* § 4.03C.3., page 00100–15.) General Con-

---

**2.** This accords with federal law and the common law as generally followed throughout the United States. *See, e.g., Alyeska Pipeline Serv.*

*Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

ditions § 10.05 said, in turn, that any claim was to be prepared in accordance with General Conditions § 12.02.B. (*Id.* § 10.05.A., page 00100–43.) General Conditions § 12.02.B. said that any adjustment of the type now at issue (that is, for work not covered by unit prices or by an agreement for payment of a lump sum) was to be based on "Cost of the Work." (*Id.* § 12.01.B.3., page 00100–48.)

In combination, these provisions afforded plaintiff the right to an adjustment of the contract price based on differing site conditions if and only if plaintiff submitted a claim in accordance with the contractual procedures. Any such adjustment was to be based on the "Cost of the Work," including attorney's fees. Plaintiff asserts, and for purposes of this order I assume, that this means plaintiff could recover attorney's fees if it prevailed in a lawsuit— like the case at bar—asserting such a claim.

The fatal flaw in plaintiff's attempt to recover fees on this basis, however, is that plaintiff did not prevail on its claim for an adjustment of the contract price. Plaintiff failed to assert its claim in accordance with the contractual procedures and thus lost on this issue in this court. Plaintiff's claim for attorney's fees as part of the "Cost of the Work" fares no better than its claim for payroll or equipment expenses, which were also part of the "Cost of the Work." None of these costs are recoverable under these provisions.[3]

**B**

Plaintiff next invokes a series of provisions having nothing to do with the instant dispute. The first would have required plaintiff to uncover work that was improperly covered prior to inspection and to pay costs (including attorney's fees) incurred to correct any such work found to be defective. (Contract, ex. DE–3, General Conditions § 13.04.B., page 00100–51.) So far as this record reflects, plaintiff never improperly covered any work, and neither the engineer nor defendant ever asserted plaintiff did.

Similarly, there were provisions requiring plaintiff to correct or remove any defective work rejected by the engineer (*id.* § 13.06.A., page 00100–52), requiring plaintiff to correct any work later found to be defective (*id.* § 13.07.A., page 00100–52), affording defendant the right to a reduction in the contract price if the defendant chose to accept defective work (*id.* § 13.08.A., page 00100–53), and allowing defendant to stop work for cause (*id.* § 15.02., pages 00100–60 to 00100–61). All of these provisions afforded defendant the right to recover attorney's fees as part of any remedy. But none of these provisions was ever invoked: none of plaintiff's work was found defective; defendant never asserted a right to stop work for cause; and no claim to the contrary was made at any stage of this litigation.

Because these clauses and their corresponding fee provisions never came into play, they do not authorize a fee award in this litigation.

Florida Statutes § 57.105(7) does not alter this conclusion. The statute provides in part:

3. Florida Statutes § 57.105(7) extends the coverage of a fee provision of a specified type to the adversary of the party ostensibly covered by the provision. This does not help plaintiff on its "Cost of the Work" claim, because this contractual fee provision runs in favor of plaintiff. If § 57.105(7) were deemed applicable to this provision at all, the effect would be to give *defendant* a basis for recovering fees incurred in successfully defending against plaintiff's claim. An award of fees in defendant's favor on this basis would have been unlikely under these circumstances, and defendant understandably has sought no such award.

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. § 57.105(7), Fla. Stat. (2005). The statute was written primarily to address a typical attorney's fee provision that gives one side a right to recover fees incurred in enforcing a contract. Such provisions are commonplace in contracts of various kinds, including, for example, promissory notes. If a note gives the holder the right to recover fees incurred in enforcing the note, then, under § 57.105(7), the debtor also may recover fees if it prevails in litigation with respect to the note. The statute is clear enough when applied to circumstances of this type.

Applying the statute to multifaceted contracts such as the one involved in the case at bar—in which there are fee provisions applicable to some types of claims but not others—is more difficult. On the broadest reading—the one apparently advocated by plaintiff in the case at bar—if any fee provision runs in favor of one side with respect to any type of action to enforce any of a contract's terms, then fees may be awarded in favor of the adverse party if it prevails in *any* litigation under the contract, whether related to the subject matter of the contractual fee provision or not. The broad phrasing of the statute provides some support for that conclusion. The better reading of the statute, however, is to the contrary.

An example may help illustrate the point. If a single contract requires party A to build a shed, deliver it to party B's address, and paint it, the parties would be free to include an attorney's fee provision or not. If, for reasons of their own, they decided to include a fee provision with respect to construction of the shed, but to omit any fee provision with respect to delivery or painting, they ordinarily would be free to do so. Nothing in § 57.105(7) is intended to foreclose the parties' freedom to contract for attorney's fees to be recoverable under a portion, but not all, of a contract.

The statute does, however, limit the parties' freedom to contract for *non-mutual* fee provisions. Thus if, in our example, the contract gives *party B* a right to recover fees incurred in enforcing the provision requiring the building of the shed, then, under the statute, a court would also have authority to award fees to *party A* if it prevailed in litigation over the building of the shed. But it ends there. The statute does not authorize an award of fees to party A in litigation over the *painting* of the shed, if the contract itself affords neither party a right to fees relating to that portion of the contract.

■ The broader contrary reading of the statute—under which a party could recover fees if it prevailed in any litigation arising under any portion of the contract, whenever the contract afforded the adverse party the ability to recover fees in litigation on at least one portion of the contract—would destroy the mutuality the statute was intended to create. Indeed, the broader reading would allow a clever drafter to restore the very inequality the statute was designed to address. Thus, for example, a mortgage lender could include in a promissory note no fee provision in the lender's favor but a provision allowing the borrower to recover fees if the lender failed to give the borrower credit for 17 successive payments—an unlikely contingency. This narrow fee provision would, on the broad reading of § 57.105(7), allow the mortgage lender to recover fees for any litigation under the contract, but

the borrower would have no such right—the very disparity that lenders routinely insisted upon prior to enactment of § 57.105(7) and that the legislature sought to end. The statute, which is in derogation of the common law and thus must be strictly construed,[4] will not bear this broad reading.

In sum, the purpose of the statute is simply to ensure that each party gets what it gives. Plaintiff gave defendant the right to recover fees incurred in enforcing the contractual provisions requiring the uncovering of improperly covered work, the correction or removal of defective work, the reduction of the contract price upon acceptance of defective work, or the termination of work for cause. Under § 57.105(7), plaintiff gets what it gave: the ability to recover fees in litigation arising under these contractual provisions. But the case at bar did not arise under or relate in any way to these contractual provisions. These provisions thus give neither plaintiff nor defendant any right to recover fees in this litigation.

## C

■ Finally, plaintiff invokes the attorney's fee provision in a portion of the contract that was central to defendant's counterclaim and to defendant's attempt to avoid payment of the remaining balance otherwise due on the original contract.

Under General Conditions § 13.09., upon plaintiff's failure "to perform the Work in accordance with the Contract Documents" or failure "to comply with any other provision of the Contract Documents," defendant was entitled to "correct and remedy any such deficiency." (Contract, ex. DE–3, General Conditions § 13.09.A., page 00100–53.) The contract

afforded defendant the right to recover all costs incurred in enforcing its rights under this provision, including attorney's fees and other dispute resolution costs. (Id. § 13.09.C., page 00100–53.)

Defendant asserted in November and December 2003 that the debris and obstructions at issue were not differing site conditions but instead were materials that, under the original contract, plaintiff was required to remove. Plaintiff asserted, in contrast, that it had no obligation to remove those materials. Had defendant been correct, defendant would have been entitled, under § 13.09.A., to hire third parties to remove the materials. Defendant also would have been entitled, under § 13.09.C., to recover from plaintiff the amounts paid third parties for doing so. That is precisely the claim defendant asserted in paragraph 19 of the counterclaim, in which defendant sought to recover from plaintiff over $293,000 paid by defendant to third parties to remove materials at issue.

Although the fee provision in § 13.09.A. runs by its terms only in favor of defendant, the provision is mutual by virtue of Florida Statutes § 57.105(7). Because defendant could have recovered fees had it prevailed on this portion of the counterclaim, plaintiff may recover fees for successfully defending the same portion of the counterclaim.

It may be unclear whether such an award is mandatory or discretionary; the statute says a court "may" award fees under these circumstances. But in the case at bar this makes no difference. As a matter of discretion, I would award plaintiff the fees reasonably incurred in defend-

---

4. See, e.g., Hauss v. Waxman, 914 So.2d 474 (Fla. 4th DCA 2005). This canon of construction means that, other things being equal, ambiguities in such statutes must be resolved to effect the least change from the common law.

ing this portion of the counterclaim, even if an award were not mandatory.

### D

■ The upshot of this analysis is that plaintiff may recover fees reasonably incurred in opposition to defendant's claim for over $293,000. Plaintiff may not, however, recover fees incurred only for prosecuting its claim for an adjustment of the contract price or for resisting defendant's claim for liquidated damages; no provision of the contract, even as extended by Florida Statutes § 57.105, allows recovery of fees for litigating those claims.[5] Although it may seem odd that fees are recoverable only in part, that is the outcome mandated by the parties' inclusion of fee provisions addressing only some, but not all, issues that might arise under the contract.

In reaching this conclusion, I have not overlooked the Florida Supreme Court's holding that the "prevailing party" under a contractual prevailing party fee provision is the party who prevailed "on the significant issues in the litigation." *Moritz v. Hoyt Enterprises, Inc.*, 604 So.2d 807 (Fla. 1992).[6] Lower Florida courts, in applying this standard, have said there ordinarily can be at most one, and may not be any, "prevailing party." *See, e.g., Miller v. Jacobs & Goodman, P.A.*, 820 So.2d 438, 440–41 (Fla. 5th DCA 2002) (collecting cases). If, under these cases, it were held that there could be only a single "prevailing

party" in the case at bar, I would conclude that the "prevailing party" is plaintiff, who prevailed on the dominant contractual dispute by establishing that the debris and obstructions at issue were indeed differing subsurface or physical conditions outside the scope of plaintiff's original undertaking, and who therefore obtained a judgment for the unpaid portion of the contract price and successfully defended the counterclaim.

For two reasons, however, I also conclude that this is not a case in which the *Moritz* test should be applied only to the litigation as a whole, or in which there can be only a single overall "prevailing party" in the entire litigation. First, Florida courts have said there can be more than one prevailing party if "in the same lawsuit there are separate and distinct claims which would support independent actions." *Green Companies v. Kendall Racquetball Investment, Ltd.*, 658 So.2d 1119, 1121 (Fla. 3d DCA 1995); *see also Anglia Jacs & Co., Inc. v. Dubin*, 830 So.2d 169, 171 (Fla. 4th DCA 2002) (collecting cases). For this purpose, "separate and distinct claims" are those that do not merely assert "alternative theories of liability for the same wrong." *Anglia Jacs*, 830 So.2d at 171. Plaintiff's claim for the unpaid contract price, plaintiff's claim for an adjustment of the contract price, defendant's claim for the amounts paid to third parties for removal of debris and obstructions, and

---

5. Any claim for fees devoted only to litigation of defendant's claimed offset—if indeed any fees were devoted only to that issue—will track the treatment of the corresponding portion of the counterclaim. Thus to the extent defendant claimed a right of offset based on its $293,000 in payments to third parties, fees will be recoverable; to the extent based only on defendant's claim for liquidated damages, no fees will be recoverable.

6. Although in *Moritz* the Florida Supreme Court cited *Hensley v. Eckerhart*, 461 U.S.

424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and lower Florida courts have done the same, *see, e.g., Miller v. Jacobs & Goodman, P.A.*, 820 So.2d 438, 440 (Fla. 5th DCA 2002), it should be noted that the test adopted by *Moritz* is not all the same as that applied under federal law. *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that plaintiff who recovered only an award of nominal damages was a "prevailing party" but that the only reasonable fee was no fee at all).

defendant's claim for liquidated damages all may well be "separate and distinct claims" within this formulation. These claims seek entirely separate amounts; the claims do not merely assert "alternative theories of liability" for the same amounts.[7]

More importantly, *Moritz* and the various Florida cases addressing the issue of whether there can be more than one "prevailing party" in litigation on a contract deal with contracts with a general "prevailing party" attorney's fee provision applicable to all litigation arising under the contract. When a contract provides for recovery of fees by the prevailing party, it makes sense, as a matter of contractual interpretation, to conclude there ordinarily can be only one prevailing party, and that that party is the one who prevails on the significant issues in the case. But when the parties choose to enter a contract that allows the recovery of fees for some types

of claims but not others, a claim-by-claim analysis of the parties' entitlement to a fee award may better accord with the contractual intent. Here, the parties included in their contract a fee provision applicable to defendant's counterclaim for the $293,000 defendant paid third parties to remove debris and obstructions. Plaintiff clearly prevailed with respect to that claim. Allowing plaintiff to recover fees reasonably incurred with respect to that claim best accords with the contractual intent.[8]

In sum, plaintiff prevailed on the significant issues in this litigation, considered as a whole. Even more clearly, plaintiff prevailed on defendant's claim for over $293,000. Plaintiff is entitled to recover fees for defending that claim, but not to recover fees incurred only with respect to other claims that either were not covered by an attorney's fee provision or on which plaintiff did not prevail.[9]

---

7. In applying this standard, I find not at all useful the reference to claims "which would support independent actions." *Green Companies*, 658 So.2d at 1121. The principles that govern joinder of claims and parties, splitting of causes of action, compulsory and permissive counterclaims, third-party claims, cross-claims, and the dismissal or stay of one lawsuit in deference to another lawsuit that raises identical or similar claims are complex and based on considerations having little to do with the question of who should recover attorney's fees under any given contract or in any given lawsuit. Indeed, duplicate lawsuits can be and sometimes are brought even on identical claims, sometimes within the same jurisdiction, sometimes in different jurisdictions. Focus on whether a counterclaim is permissive or compulsory, *see Orix Capital Markets, LLC v. Park Avenue Assoc., Ltd.*, 881 So.2d 646 (Fla. 1st DCA 2004), seems less than satisfactory; the attorney's fee issue arises not just with respect to counterclaims but also with respect to multiple claims by the same party against the same adversary (as in the case at bar).

8. It is true, of course, that as written the fee provision ran only in favor of defendant. But

as a matter of law, the parties also must be deemed to have intended the provision to be mutual, as required by Florida Statutes § 57.105(7). *See, e.g.*, 11 Williston on Contracts, § 30:19 (4th Ed) (noting that contracts incorporate all applicable provisions of law).

9. Plaintiff apparently asserts that all of the claims in this litigation overlapped and that no time was separately devoted only to claims on which plaintiff did not prevail. That seems unlikely; significant time must have been devoted, for example, to the issue of damages on plaintiff's claim for an adjustment of the contract price, and some of that time must be identifiable. Moreover, the extent of a party's success ordinarily is a factor in determining a reasonable fee. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (addressing proper approach under federal law when party prevails on some but not all claims). These are, in any event, issues going to the amount of, not to plaintiff's entitlement to, an award of fees. No opinion is expressed on these issues, which will be addressed in connection with determination of the amount of fees ultimately awarded.

### III

For these reasons,

IT IS ORDERED:

1.  Plaintiff's motion for an order determining its entitlement to an award of attorney's fees (document 81) is GRANTED IN PART. It is hereby determined, under Local Rule 54.1, that plaintiff is entitled to an award of fees to the extent set forth in this order.

2.  The procedures set forth in Rule 54.1 shall govern further proceedings to determine the amount of the fee award, except that the deadline for plaintiff to file and serve the affidavits required by Rule 54.1(E) is 30 days after (a) the deadline for filing a notice of appeal from the judgment on the merits, if no appeal is filed, or (b) if an appeal is filed, the date of issuance of the mandate of the United States Court of Appeals for the Eleventh Circuit. No motion for determination of the amount of fees shall be filed prior to the resolution of any appeal (or, if no notice of appeal is filed, prior to expiration of the deadline for filing a notice of appeal).