MAY, J.
A contractor petitions this court for a writ of certiorari, seeking second tier review of a circuit court decision that affirmed a county court award of attorney’s fees in favor of a homeowner in a contract dispute. The contractor argues the trial court departed from the essential requirements of law by failing to follow our decision in Subway Restaurants, Inc. v. Thomas, 860 So.2d 462 (Fla. 4th DCA 2003). We agree and grant the petition.
The homeowner hired the contractor to install shutters. The shutter installation contract included the following attorney’s fees provision: “Purchaser is responsible for all costs of collection including Attorney’s fees. And 1.5% of contract amount.”
The contractor failed to complete the installation, forcing the homeowner to hire a replacement contractor to finish the job. She then filed a complaint against the contractor for breach of contract. She sought damages for the cost to complete the work and consequential damages for replacement of a window and frame damaged during a later hurricane. She also requested attorney’s fees.
The homeowner prevailed on her breach of contract claim. She then moved for attorney’s fees. Her motion asserted that she was reciprocally entitled to attorney’s fees based on the fee provision in the contract.
The contractor opposed the request for fees. It argued the fee provision was narrow, was triggered only in a collection action, and was inapplicable to any other type of dispute between the parties. The contractor relied on our opinion in Subway.
Relying on section 57.105(7), Florida Statutes (2008), the homeowner maintained she was reciprocally entitled to attorney’s fees because the contract provided the contractor with fees in the event of a collection action. She reasoned that as a customer, she would never seek collection as a remedy and therefore the fee provision provided an invalid unilateral right to fees by the contractor. The trial court agreed and awarded the homeowner $6,000.
The contractor appealed to the circuit court, which affirmed. The circuit court applied section 57.105(7) to extend the availability of attorney’s fees to the homeowner. The circuit court then granted the homeowner’s motion for appellate attorney’s fees.
It is from this circuit court decision that the contractor has filed the petition for writ of certiorari. Our certiorari review “is limited to those instances where the lower court did not afford procedural due process or departed from the essential requirements of law.” Allstate Ins. Co. v. *895 Kaklamanos, 843 So.2d 885, 889 (Fla.2003).
We begin by reviewing basic, long-established tenets of law concerning attorney’s fees. “It is well-settled that attorneys’ fees can derive only from either a statutory basis or an agreement between the parties.” Trytek v. Gale Indus., Inc., 3 So.3d 1194, 1198 (Fla.2009) (citing State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993)). Statutes awarding attorney’s fees must be strictly construed. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
We therefore strictly construe the wording of section 57.105(7). That provision provides:
If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
§ 57.105(7), Fla. Stat. (2008).
“[T]he purpose behind section 57.105(7) is to provide mutuality of attorney’s fees as a remedy in contract cases.” Mediplex Constr. of Fla., Inc. v. Schaub, 856 So.2d 13, 15 (Fla. 4th DCA 2003) (citing Lanahan Lumber Co. v. McDevitt & Street Co., 611 So.2d 591 (Fla. 4th DCA 1993)). The statute is designed to even the playing field, not expand it beyond the terms of the agreement. As Judge Farmer noted in his dissent in Mediplex, the literal reading of the statute limits its application to mutuality of “collection.” 856 So.2d at 19 (Farmer, J., dissenting).
In Inland Dredging Co. v. The Panama City Port Authority, 406 F.Supp.2d 1277 (N.D.Fla.2005), Judge Hin-kle explained: “[T]he purpose of the statute is simply to ensure that each party gets what it gives.... Under [section] 57.105(7), plaintiff gets what it gave: the ability to recover fees in litigation arising under these contractual provisions.” Id. at 1283. The statute renders “bilateral a unilateral contractual clause for prevailing party attorney’s fees.” Indem. Ins. Co. of N. Am. v. Chambers, 732 So.2d 1141, 1143 (Fla. 4th DCA 1999); see also Holiday Square Owners Ass’n, Inc. v. Tsetsenis, 820 So.2d 450, 453 (Fla. 5th DCA 2002) (holding fee provision becomes bilateral under section 57.105(7), “even though solely in a defensive posture.”)
Simply put, the statute means what it says and says what it means; nothing more, nothing less. Our court and others have consistently read the statute in the same way. Our latest pronouncement can be found in Subway Restaurants, Inc. v. Thomas, 860 So.2d 462 (Fla. 4th DCA 2003). There, Subway filed a breach of contract suit against its franchisee. The franchisee correspondingly filed suit against Subway for wrongful eviction, violation of civil rights, and breach of contract under the lease and franchise agreement. The franchisee requested attorney’s fees.
The franchisee prevailed. Following an appeal, the franchisee sought attorney’s fees, relying on a provision of the contract that provided for fees for collection “on any part of said rental that may be collected by suit....” Id. at 463. The trial court awarded fees based upon section 57.105(6), Florida Statutes, the predecessor of section 57.105(7). We reversed. Because the franchisee’s claim was for wrongful eviction and breach of contract, it “never triggered Subway’s limited entitlement to attorney’s fees.” Id. at 464.
Similarly, here the contract provided fees for the contractor in the event of a collection action. Section 57.105(7) requires reciprocity. Reciprocity would al *896 low for the homeowner to receive fees if she prevailed in a collection action brought by the contractor. That is mutuality; that is reciprocity. To rule otherwise would be tantamount to re-writing the contract between the parties. This we will not do.
We therefore grant the petition, quash the opinion of the circuit court, and remand the case for the trial court to vacate the attorney’s fees judgment.

Petition Granted.

GROSS, C.J., WARNER, DAMOORGIAN, GERBER and LEVINE, JJ., concur.
TAYLOR, J., dissents with opinion, in which FARMER, STEVENSON, HAZOURI, and CIKLIN, JJ., concur.
FARMER, J., dissents with opinion, in which HAZOURI, J., concurs.
POLEN, J., recused.