TAYLOR, J.,
dissenting.
I respectfully dissent. I would deny the petition for a writ of certiorari, because in affirming the trial court’s award of attorney’s fees to the homeowner, the circuit court applied the correct law. Section 57.105(7), Florida Statutes (2008), mandates that contractual attorney’s fees provisions be deemed reciprocal obligations in any action to enforce the contract. The contract in this case contained a unilateral attorney’s fees provision for the contractor’s enforcement of the contract. By operation of the statute, this attorney’s fees provision was rendered reciprocal. Because the homeowner brought an action to enforce the contract and prevailed, she was entitled to recover attorney’s fees in this case.
The contract at issue here concerns a simple, straightforward consumer transaction for the sale and purchase of goods and services. The contractor agreed to install hurricane shutters for the homeowner and the homeowner agreed to pay him for his materials and services. When the contractor failed to complete the installation, the homeowner had to hire another contractor to finish the project. The homeowner successfully sued the contractor for breach of contract and the trial court awarded her attorney’s fees, based upon an attorney’s fees provision in the contract and pursuant to section 57.105(7), Florida Statutes.
The attorney’s fees clause in the contract provided: “Purchaser is responsible for all costs of collection including Attorney’s fees. And 1.5% of contract amount.” Because the contract allowed the contractor to recover attorney’s fees from the homeowner in the event he had to seek enforcement of his rights under the contract, the circuit court ruled that the homeowner was reciprocally entitled to attorney’s fees for prevailing in an action to enforce her rights. The trial court correctly ruled that section 57.105(7), Florida Statutes, rendered the unilateral contract clause for prevailing party attorney’s fees bilateral. See Indem. Ins. Co. of N. Am. v. Chambers, 732 So.2d 1141, 1148 (Fla. 4th DCA 1999).
Section 57.105(7) provides:
If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
(Emphasis supplied).
The majority mentions the well-settled law that statutes providing for attorney’s fees must be strictly construed. But then it fails to strictly construe this attorney’s fees statute. In doing so, the majority defeats and frustrates the clear legislative *897 intent to compel mutuality of attorney’s fees as a remedy in contract actions. The majority concludes that section 57.105(7) does not authorize an award of attorney’s fees to the homeowner in this case because the contract provided fees only for a collection action brought by the contractor. Mutuality, according to the majority, means that the homeowner is entitled to fees only if she prevails in the contractor’s collection action. This is not a strict construction of section 57.105(7), but rather a narrow interpretation that disregards the statute’s plain language and intent. The majority’s interpretation adds a requirement that the action brought by the non-drafting party to enforce the contract be the same type of enforcement action specified by the drafting party in the contract. The statute, however, by its own terms, applies to “any” action to enforce the contract. See Bauer v. Dilib, Inc., 16 So.3d 318, 322 (Fla. 4th DCA 2009) (stating that Florida law requires courts to strictly construe statutes allowing fee awards and quoting Germ v. St. Luke’s Hosp. Ass’n, 993 So.2d 576, 578 (Fla. 1st DCA 2008) (“Courts should give statutory language its plain and ordinary meaning, and may not add words that were not included by the legislature.”)).
Here, the homeowner’s right to attorney’s fees derives from a fusion of two sources: the contract and section 57.105(7). Thus, in evaluating entitlement to attorney’s fees, the trial court must first examine the contract to determine whether it “contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract.” § 57.105(7), Fla. Stat. (emphasis added). The contract in this case contains a provision allowing attorney’s fees to the contractor when he is required to seek collection of monies due under the contract. A collection action is an “action to enforce the contract.” Indeed, it is the most common type of action brought by a contractor to enforce the contract. The attorney’s fee provision here, however, is one-sided in that it does not contain a corresponding right to the homeowner for her attorney’s fees if she is required to take action to enforce the contract. Thus, by providing attorney’s fees for the contractor when enforcing the contract and failing to provide this mutual remedy to the homeowner, the contract’s fee provision triggered the reciprocity provisions of section 57.105(7).
Once a trial court determines that the unilateral fee provisions of a contract should be extended to the other party, the court may “allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.” § 57.105(7), Fla. Stat. (emphasis added). Here, the trial court found that the homeowner, as plaintiff, prevailed in her breach of contract suit — an action with respect to the contract — and properly awarded her attorney’s fees.[1]
Subway Restaurants, Inc. v. Thomas, 860 So.2d 462 (Fla. 4th DCA 2003), relied upon by the majority, is distinguishable. That case involved two contracts: a franchise agreement and a lease. Id. at 462. The lease provided for attorney’s fees to the prevailing party in actions for collection of overdue unpaid rent. Id. at 463. Subway Restaurants, Inc., sued under their franchise agreement to evict the *898 franchisee. Id. at 462. The franchisee counterclaimed for wrongful eviction and breach of contract based upon the lease and the franchise agreement. Id. The franchisee prevailed on his claims, which likely arose from a violation of his rights under the franchise agreement, rather than the lease. Id. at 462-63. In any case, because no issue regarding unpaid rent under the lease ever came into play in that litigation, we held that the statutory provision for mutuality of fee recovery was not triggered. Id. at 464.
In contrast, this case concerns a single contract containing a provision for attorney’s fees. The contract at issue is a typical retail consumer agreement, the enforcement of which usually entails a breach of contract action for either (1) failure to deliver conforming goods and services or (2) failure to pay for those goods and services. Whether a contractor can collect for his services is invariably tied to the issue of whether he properly performed under the contract. Thus, the terms “any action” in section 57.105(7) are certainly broad enough to include a breach of contract action by the purchaser. Besides, nowhere in the statute is there a requirement that the action brought by the non-drafting party to enforce the contract be the same exact enforcement action designated by the party who drafted the contract. The intent of section 57.105(7) is to provide mutuality of attorney’s fees as a remedy in any action with respect to the contract. See Lanahan Lumber Co., Inc. v. McDevitt & St. Co., 611 So.2d 591, 591 n. 1 (Fla. 4th DCA 1993) (noting that where a purchase order provided that the defendant could recover attorney’s fees from the plaintiff lumber company for its failure to properly perform under the contract, the plaintiff, who prevailed in arbitration, could also recover attorney’s fees pursuant to the reciprocity statute); CC-Aventura, Inc. v. Weitz Co., LLC, No. 06-21598-CIV, 2007 WL 2176027, at *3 (S.D.Fla. July 25, 2007) (holding that where the contract provided attorney’s fees to a supplier of stucco materials for collection procedures but did not provide the purchaser a reciprocal right to attorney’s fees for enforcement of the contract, the mutuality provisions of section 57.105(7) entitled the purchaser to fees for its breach of contract action.) The district court in CC-Aventura stated that the purpose of the statute providing mutuality of fees in contract cases “is met here, where under the plain language of the contract, the seller would be entitled to recover the legal fees it incurs to secure the benefit for which it bargained but the purchaser would not be so entitled.” 2007 WL 2176027, at *3.
Thus, to the extent that Subway suggests that section 57.105(7) limits the reciprocity of the attorney’s fees provision to the homeowner’s defense of a collection action brought by the contractor, we should recede from Subway or at least clarify that it does not apply in this commercial context, where the homeowner has merely sought enforcement of her rights under the contract.
Because the statute is clear on its face in mandating mutuality of remedies in actions to enforce contracts, there is no need to resort to general principles of statutory construction to ascertain legislative intent. As the Florida Supreme Court stated in Daniels v. Fla. Department of Health, 898 So.2d 61, 64 (Fla.2005):
When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. See Lee County Elec. Co-op., Inc. v. Jacobs, 820 So.2d 297, 303 (Fla.2002). In such instance, the statute’s plain and ordinary meaning must control, unless this leads to an *899 unreasonable result or a result clearly contrary to legislative intent.
As mentioned above, section 57.105(7), Florida Statutes, is clear and unambiguous, and applying the plain and ordinary language of the statute leads to the result contemplated by the Legislature. Moreover, even if the statute were deemed ambiguous, the legislative history and public policy underlying the statute would nonetheless support the circuit court’s conclusion that the homeowner in this case is entitled to reciprocal attorney’s fees.
In 1988, the Florida Legislature amended section 57.105, Florida Statutes, to add subsection (2), the predecessor to subsection (7), to provide mutuality of attorney’s fees as a remedy in contract cases. As the Committee on Judiciary Staff Analysis noted, before 1988, “[v]arious chapters of the Florida Statutes provide[d] that with regard to particular types of contracts, the prevailing party [was] entitled to attorneys fees, Section 83.48, Florida Statutes, (residential rental agreements), or that if a contract provided prevailing party attorney’s fees to one party, the other party [was] also entitled to prevailing party attorneys fees, Section 718.125, Florida Statutes, (condominium contracts), Section 719.111, Florida Statutes, (cooperative contracts).” Fla. H.R. Comm, on Judiciary, HB 114 (1988) Staff Analysis 1 (May 9, 1998). HB 114 expanded this mutuality provision to all contracts, creating subsection (2) “to provide that if a contract contains a provision allowing attorney’s fees to a party when he is required to take any action to enforce the contract, the court may also award reasonable attorney’s fees to the other party when that party prevails in any action with respect to the contract.” Id.
Section 57.105(7) “was written primarily to address a typical attorney’s fees provision that gives one side a right to recover fees incurred in enforcing a contract.” Inland Dredging Co., L.L.C. v. Panama City Port Auth., 406 F.Supp.2d 1277, 1282 (N.D.Fla.2005). As noted by the majority in this appeal, “[t]he purpose behind section 57.105(7) is to provide mutuality of attorney’s fees as a remedy in contract cases.” Mediplex Constr. of Fla., Inc. v. Schaub, 856 So.2d 13, 15 (Fla. 4th DCA 2003). Commenting on the need to level the playing field between parties of unequal bargaining power and sophistication, Judge Farmer observed in his dissent in Mediplex that:
[S]ome bad bargains pervade frequently occurring transactions and have adverse consequences for society. Unilateral fee provisions are usually seen in form contracts prepared by commercial entities. Many of these forms govern consumer transactions. The unilateral fee provision tucked away in the legal text of a form contract effectually deprives many consumers of access to the courts to redress contractual breaches. But typically consumers lack sufficient bargaining power to coax business entities into recasting such fee provisions. And commercial parties need no leveling in negotiating contract terms. Thus the purpose behind section 57.105(7) is obviously that the Legislature found bilateral provisions necessary to enable consumers to have representation and, thereby, meaningful access to the machinery of justice in contractual disputes affecting important consumer and family interests.
Id. at 16 (Farmer, C.J., dissenting).
The Legislature clearly intended to bring about fairness and equity in contract actions and to allow the non-drafting party equal access to the courts. Generally, statutes effectuating public policy of the state or remedial measures for the general welfare should receive a liberal construe *900 tion so that their beneficial results may be felt to the fullest extent compatible with their terms. State v. Hamilton, 388 So.2d 561, 563 (Fla.1980); Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1280 (11th Cir.2002). Here, the circuit court, acting in its appellate capacity, followed the clear language of section 57.105(7) in awarding attorney’s fees to the homeowner. Moreover, the court construed the statute in a manner consistent with the statute’s plain meaning and purpose. No doubt the Legislature anticipated that a party responsible for drafting a contract might attempt to circumvent the reciprocity requirement by tilting an attorney’s fees provision towards that party’s particular enforcement needs. While parties are generally free to fashion their own contracts, the Legislature has determined that a one-sided drafting of a contractual fee provision is unfair and will be overridden by the statute’s mandate for mutuality. Thus, the courts are not properly chargeable with “re-writing” the parties’ contract; the Legislature has already achieved this result through enactment of section 57.105(7).
For these reasons, I would deny the petition for writ of certiorari and uphold the judgment awarding attorney’s fees to the homeowner.
FARMER, STEVENSON, HAZOURI and CIKLIN, JJ., concur.

. Despite the statute's use of the permissive "may” regarding the trial court's authority to award attorney's fees to the prevailing party, once the court has made the prevailing party determination, the award is mandatory. Holiday Square Owners Assn, Inc. v. Tsetsenis, 820 So.2d 450, 453 (Fla. 5th DCA 2002) (citing Landry v. Countrywide Home Loans, Inc., 731 So.2d 137 (Fla. 1st DCA 1999)).