PER CURIAM.
*266 CalAtlantic Group, Inc. ("CalAtlantic") appeals the final order denying its motion for attorney's fees filed after the voluntary dismissal of the lawsuit initiated by William S. Dau, Veronica L. Dau, and Mark Feeser,[1] individually and as representatives of all similarly situated others ("Appellees"). We reverse.
CalAtlantic is the developer for Waterside Pointe, a residential community in Lake County, Florida. Appellees are residents of Waterside Pointe and class representatives of similarly situated residents of the community. The original developer of Waterside Pointe, The Ryland Group, sold the community properties subject to the Second Amended and Restated Declaration of Covenants, Conditions, and Restrictions of Waterside Pointe ("the Declaration"), which it drafted. Pursuant to the terms of the Declaration, the word "Declarant" refers to The Ryland Group and "its successors and assigns."
The Declaration contains two provisions providing for attorney's fees:
ARTICLE IX
USE RESTRICTIONS
....
Section 1. Violation. If any person claiming by, through or under Declarant, or its successors or assigns, or any other person, shall violate or attempt to violate any of the covenants herein, it shall be lawful for the Declarant or any person or persons owning real estate subject to these covenants to bring any proceeding at law or in equity against the person or persons violating or attempting to violate any such covenant including action to enjoin or prevent him or them from so doing, or to cause the violation to be remedied and to recover damages or other dues for such violation. If the party or parties bringing any such action prevail, they shall be entitled to recover from the person or persons violating the restrictions the costs incurred by such prevailing party, including reasonable attorney's fees and disbursements incurred through all appellate levels. Invalidation of any of these covenants by judgment of court order shall in no way affect any of the other covenants and provisions, contained herein, which shall remain in full force and effect.
....
ARTICLE XII
ENFORCEMENT OF NON-MONETARY DEFAULTS
....
Section 7. Enforcement By or Against Persons. In addition to the foregoing, the Declaration may be enforced by the Declarant, the Association, or any Member by any procedure at law or in equity against any Person violating or attempting to violate any provisions herein, to restrain any violation, to require compliance with the provisions contained herein, to recover damages, or to enforce any *267 lien created herein. The expense of any litigation to enforce this Declaration shall be borne by the Person against whom enforcement is sought, provided such proceeding results in a finding that such Person was in violation of the Declaration. The prevailing party in any such action shall be entitled to recover its reasonable attorneys' fees, costs and disbursements through the appellate level.
Appellees filed a complaint against CalAtlantic as "successor by merger to The Ryland Group." They sought specific performance of an alleged oral contract they entered into with CalAtlantic and a declaratory judgment finding that CalAtlantic breached the Declaration by failing to adequately maintain the Waterside Pointe common areas and amenities. After CalAtlantic filed a motion to dismiss but before it answered Appellees' amended complaint, Appellees voluntarily dismissed the lawsuit.
CalAtlantic filed a motion for entitlement of costs and attorney's fees, alleging in part that it was entitled to such pursuant to the Declaration and section 57.105(7), Florida Statutes (2017). The trial court denied CalAtlantic's motion on the bases that: it did not bring an action to prevent, remedy, or recover damages by a party "violating or attempting to violate" the Declaration; there was no finding of a violation of the Declaration; and there was no order adjudicating the case on the merits.
On appeal, CalAtlantic argues that the trial court erred in its interpretation of the attorney's fees provisions of the Declaration and in its finding that section 57.105(7) did not apply. We agree.
Section 57.105(7), Florida Statutes (2017), provides:
If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
The purpose of section 57.105(7) is "simply to ensure that each party gets what it gives." Fla. Hurricane Prot. & Awning, Inc. v. Pastina, 43 So.3d 893, 895 (Fla. 4th DCA 2010) (quoting Inland Dredging Co. v. Pan. City Port Auth., 406 F.Supp.2d 1277 (N.D. Fla. 2005) ). However, "[t]he statute is designed to even the playing field, not expand it beyond the terms of the agreement." Id. Appellees rely on Subway Restaurants, Inc. v. Thomas, 860 So.2d 462 (Fla. 4th DCA 2003), and maintain that awarding CalAtlantic attorney's fees would impermissibly expand the scope of the attorney's fees provisions of the Declaration because a breach is required to trigger the entitlement to fees, and here, a breach did not occur.[2] We find that *268 Subway is distinguishable.[3]
In Subway, the plaintiff sued a franchisee for eviction, and the franchisee counter-sued for wrongful eviction, a civil rights violation, and breach of contract. Id. at 462. The franchisee prevailed and sought attorney's fees pursuant to a fee provision in the parties' agreement. Id. at 462-63. The trial court awarded the franchisee attorney's fees, and the plaintiff appealed, arguing that the franchisee was not entitled to the award under section 57.105(6), Florida Statutes (2002).[4] Id. at 463. The Fourth District agreed and reversed the award because the parties' agreement only provided for attorney's fees in actions for collecting unpaid rent; the eviction claim and counterclaims never triggered the plaintiff's limited entitlement to attorney's fees, and thus, the franchisee could not collect such fees pursuant to section 57.105(6). Id. at 464.
Like in Subway, here, the trial court denied CalAtlantic's motion for attorney's fees partially on the basis that CalAtlantic "did not bring an action as described." However, we find that Appellees brought an action as described in the Declaration. The attorney's fees provisions in the Declaration applied to lawsuits for violations of the Declaration or to enjoin or enforce duties therein. Accordingly, Appellees' lawsuit-seeking a declaratory judgment that CalAtlantic breached the Declaration-fell within the scope of both attorney's fees provisions. Had Appellees prevailed, they would have been entitled to recover attorney's fees.
The attorney's fees provisions in the Declaration are similar to the fee provision in GEMB Lending, Inc. v. RV Sales of Broward, Inc., No. 09-61670-CIV, 2010 WL 5313482 (S.D. Fla. Dec. 20, 2010). In GEMB, the plaintiff unsuccessfully sued the defendants to collect delinquent payments on a loan. Id. at *1-2. The defendants sought attorney's fees pursuant to the provision in the loan, which stated, "If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees." Id. at *2. The plaintiff argued that the defendants did not trigger section 57.105(7) because they did not seek to enforce a contract provision against them or allege a breach, default, or misconduct. Id. at *3. The Southern District rejected the plaintiff's argument and explained:
The present case is clearly distinguishable from Subway. Florida Statute § 57.105(7) allows a party to invoke mutuality even if they are a "defendant." Thus, [the plaintiff] need not have defaulted on anything to trigger the statute and fee provision. Rather, it is [the plaintiff's] unsuccessful attempt to sue the [defendants] for default and collection which resulted in the [defendants] incurring attorney's fees. Florida law allows them to recoup these fees from [the plaintiff] under the terms of the parties' agreement.
Id. at *4.
As in GEMB, here, we hold that the availability of attorney's fees was determined by the cause of action asserted in *269 Appellees' complaint, not the disposition of the case. Provided that the contract is not found to be unenforceable between the parties, if a claim is within the scope of an attorney's fees provision, the party defending against that claim is entitled to attorney's fees pursuant to section 57.105(7) if the party prevails. "It is well-settled that when a plaintiff takes a voluntary dismissal the defendant is deemed the prevailing party and therefore is entitled to attorney's fees if the contract authorizes an award of attorney's fees." Casarella, Inc. v. Zaremba Coconut Creek Parkway Corp., 595 So.2d 162, 163 (Fla. 4th DCA 1992) (citing Stuart Plaza, Ltd. v. Atl. Coast Dev. Corp. of Martin Cty., 493 So.2d 1136 (Fla. 4th DCA 1986) ). Thus, because Appellees' claim was within the scope of the attorney's fees provisions of the Declaration, pursuant to section 57.105(7), CalAtlantic was entitled to attorney's fees for prevailing against Appellees' claim.
Limiting a party's entitlement to attorney's fees on the outcome of a dispute rather than the cause of action asserted in the pleadings is contrary to the purpose of section 57.105(7). To hold otherwise would enable a drafting party to construct attorney's fees provisions around the ambit of section 57.105(7), resulting in an uneven playing field and thereby defeating the protection afforded by the statute. Accordingly, we reverse the order denying CalAtlantic's motion for attorney's fees and remand with instructions to grant CalAtlantic's motion for costs and attorney's fees.
REVERSED and REMANDED with instructions.
ORFINGER, COHEN and HARRIS, JJ., concur.

Appellees' counsel filed a notice informing this Court that Appellee, Mark Feeser, passed away on March 7, 2019. At the time of Mr. Feeser's death, this cause was ready for decision, and his death does not affect the disposition of this appeal. See Lowenstein v. U.S. Bank Nat'l Ass'n, 253 So.3d 86, 87 n.1 (Fla. 2d DCA 2018) (citations omitted); Colucci v. Colucci, 309 So.2d 67, 67 (Fla. 2d DCA 1975).

Appellees also make what is essentially a tipsy coachman argument and ask this Court to affirm the denial of attorney's fees because the record does not demonstrate that The Ryland Group vested its rights to CalAtlantic. "A trial court's ruling should be upheld if there is any legal basis in the record which supports the judgment. ... [and] the appellee should be permitted to explicate any legal basis supporting the trial court's judgment." State v. Hankerson, 65 So.3d 502, 505 (Fla. 2011), as revised on denial of reh'g (June 30, 2011). However, this Court "cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so." Foley v. Azam, 257 So.3d 1134, 1139 n.3 (Fla. 5th DCA 2018) (citing Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009), review denied, No. SC18-2120, 2019 WL 1349273 (Fla. Mar. 26, 2019) ). Throughout the proceedings, Appellees and CalAtlantic repeatedly referred to CalAtlantic as The Ryland Group's successor by merger; the record does not reflect that this was in dispute, and the trial court's order contains no factual findings regarding the issue. "Inasmuch as the trial court did not consider that issue, we decline to do so as well." Id.

Appellees cite multiple cases for the same proposition, all of which are distinguishable for the same reason as Subway. See Placida Prof'l Ctr., LLC v. F.D.I.C., 512 F. App'x 938 (11th Cir. 2013) ; Pastina, 43 So.3d at 895 ; Anderson Columbia Co. v. Fla. Dep't of Transp., 744 So.2d 1206, 1207 (Fla. 1st DCA 1999) ; Indem. Ins. Co. of N. Am. v. Chambers, 732 So.2d 1141, 1143 (Fla. 4th DCA 1999).

The language of section 57.105(6), Florida Statutes (2002), is identical to the statute at issue.